RUEDIGER v. KLINK.

1. ACTION—JOINDER OF ACTIONS AGAINST SELLER OF INTOXICATING LIQUOR AND NEGLIGENT CONSUMER MOTORIST.

A cause of action against a law-violating seller of intoxicating liquor, under the civil damage act, and the intoxicated and negligent consumer who inflicted severe injuries upon plaintiff and her husband and child can be pleaded and tried together (CLS 1954, § 436.22).

2. SAME—JOINDER OF ACTIONS—DAMAGES—OTHER ACTIONS.

Defendants under the civil damage act in cause of action for illegal sale of intoxicating liquor and the intoxicated and negligent defendant whose car inflicted severe injuries upon plaintiff, her husband and child are severally liable to the plaintiff for such damages as she may properly prove in her own right, notwithstanding the measure of recoverable damages is not the same, exemplary damages being recoverable against the sellers and only compensatory damages against the motorist (CLS 1954, § 436.22).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3]  30 Am Jur, Intoxicating Liquors § 635.
[2, 11] 30 Am Jur, Intoxicating Liquors § 646 *et seq.*
[4, 5]  1 Am Jur, Actions § 65 *et seq.*
[6, 7]  41 Am Jur, Pleading § 344 *et seq.*

3. SAME—JOINDER OF ACTIONS—PRACTICAL DIFFICULTIES IN TRIAL— PREJUDICE.

Joinder of action against sellers of intoxicating liquor for the illegal sale thereof with action against the intoxicated and negligent motorist is permissible, notwithstanding claim of practical difficulty in conducting the trial and prejudice to the bar owners, where court rules provide for separate verdicts and judgments and special questions (CLS 1954, § 436.22; Court Rule No 37, §§ 7, 12 [1945]).

4. SAME—TEST OF JOINDER OF ACTIONS—CONVENIENT ADMINISTRATION OF JUSTICE.

The test of whether a plaintiff's joinder of causes of action against several defendants may be permitted is whether the liability is asserted against all of the material defendants or whether sufficient grounds for uniting the causes of action in order to promote the convenient administration of justice are made to appear (CL 1948, §§ 608.1, 612.15, 622.12; Court Rule No 37, § 12 [1945]).

5. SAME—JOINDER OF ACTIONS—STATUTES—COURT RULES—CONVENIENT ADMINISTRATION OF JUSTICE.

The statutes and court rule relative to the joinder of causes of action are designed to promote the convenient administration of justice (CL 1948, §§ 608.1, 612.15, 622.12; Court Rule No 37, § 12 [1945]).

6. PLEADING—MOTION TO STRIKE—COURT RULES.

A motion to strike certain items of damage plaintiff has alleged in her declaration, before trial, is out of order, where the allegation is not sufficient, indefinite, uncertain, incomplete, scandalous, impertinent or not drawn in conformity with court rules, as the court may not, in advance of trial, determine what in actuality are anticipated questions of admissibility of evidence going to the question of damages (Court Rule No 17, § 7 [1945]).

7. TRIAL—MOTION TO STRIKE—EVIDENCE.

A motion to strike before trial cannot be utilized as an instrument of testing evidentiary questions (Court Rule No 17, § 7 [1945]).

8. DAMAGES—EVIDENCE.

The nature and extent of damages a plaintiff may recover, if recovery is to be had at all, depends entirely on evidence which is received.

9. SAME—MOTION TO STRIKE—INSTRUCTION.

Claim that defendants' motion to strike certain allegations as to damages in plaintiff woman's declaration, before trial, because recovery thereunder could, in effect, permit assessment of double damages in view of other suits by her husband and of herself as guardian of an injured child, and as administratrix of the estate of another child who was killed in the same accident, *held*, untenable, since it may not be assumed that the trial court will not properly limit her recovery in this case or that defendants will not bring out in other actions the fact and extent of her previous recovery, if any.

10. SAME—MOTION TO STRIKE—SEPARATE RECORD.

Motion to strike certain portions of allegations as to damages because of possible consideration by the jury of inflammatory and noncurable proof relating to damages is not proper, where potential prejudice may be obviated by separate record as to such proof (Court Rule No 37, § 15 [1945]).

11. INTOXICATING LIQUORS—CIVIL DAMAGE ACT—MEASURE OF RECOVERY.

Damages recoverable by wife of man injured under circumstances imposing liability under the so-called civil damage act include the loss or impairment of her present and future means of support, the actual amount of such damages being left to a jury under instructions tending to prevent the allowance of such as might be merely possible, too remote or fanciful (CLS 1954, § 436.22).

12. DAMAGES—TORTS—EVIDENCE.

The law does not require impossibilities in the assessment of damages in an action at law for tort and juries are allowed to act upon probable and inferential, as well as direct and positive proof, the court being possessed of power to set aside the verdict and grant a new trial in the event the amount assessed is unreasonable or exorbitant.

Appeal from Bay; Louis (David R.), J. Submitted June 8, 1956. (Docket No. 41, Calendar No. 46,743.) Decided September 4, 1956.

Case by Leonore Ruediger against John Klink, doing business as Commodore Bar, Alex L. Korpal, doing business as Corky's Bar, Leo Cabala and Anna Cabala, doing business as Old Bar, Alma Doody, do-

ing business as Ace of Clubs, and various other tavern owners under the civil damage act, and against Herbert Burtenshaw, driver of automobile involved in collision causing her injuries and damage.

Defendant Korpal moved to dismiss for misjoinder, or, in alternative, to compel election of cause of action. Motion dismissed. Defendant Korpal appeals.

Defendant Leo Cabala, individually and as Old Bar, and for codefendants, moved to strike certain items of damages from plaintiff's declaration. Motion granted in part. Plaintiff appeals. Defendants Leo Cabala, Anna Cabala and Alma Doody cross-appeal.

Affirmed in part and reversed in part.

*Arthur J. Kinnane* and *Patrick D. Neering,* for plaintiff.

*Jennings, Fraser, Parsons & Trebilcock,* for defendant Korpal.

*Stanton, MacKenzie, Cartwright & Walker,* for defendants Leo Cabala, as Old Bar, and Anna Cabala.

*Smith & Brooker,* for defendant Doody.

BLACK, J. Plaintiff's declaration only is before us. Such of the presented questions as are brought here must of necessity draw decision from and within the 4 corners thereof. In proper form it states a cause of action under the so-called civil damage act[*] against a group of Bay county dramsellers pictur-

---

[*] CLS 1954, § 436.22 (Stat Ann 1955 Cum Supp § 18.993).

esquely identified as Corky's Bar, Commodore Bar, Old Bar, Rufe's Bar, Pearl and Jerry's, Patterson's Tavern, Ace of Clubs, Blue Ribbon Bar, and Charlie's Bar. Likewise in proper form it states a cause of action for negligence against a motorist—one Burtenshaw. The cause-uniting allegation plaintiff depends upon is that the civil damage act defendants sent Burtenshaw forth from their respective places of business in an intoxicated condition and that Burtenshaw, as such motorist, proceeded to do the expected thing by meeting, head to head on Burtenshaw's wrong side of the highway, another car driven by plaintiff's husband and occupied by plaintiff and minor children of the parties, all with grievous results quoted from such declaration as follows:

"14. That at the time of the occurrence of the matters herein complained of, the plaintiff was, and for several years prior thereto had been, the wife of the said Erbin Ruediger and resided with him as his wife in the city of Bay City, Michigan, and derived her entire support and maintenance from her said husband, who had theretofore supported and maintained her in a state of material comfort and convenience, but that by reason of the premises, the said Erbin Ruediger was so seriously injured in his body that he has ever since the said 19th day of March, 1954, been disabled from earning or producing any income whatsoever, as a consequence of which the said plaintiff has been deprived of the benefit of his earnings in her means of support and has, ever since said date, lost the benefit of her support and maintenance by her said husband and the accumulation of savings from his earnings for the benefit of the plaintiff, and has, ever since the occurrence of said motor vehicle collision, been required to depend for her support upon the charity of relatives, friends and public welfare agencies and the use and exhaustion of previously acquired savings, which would otherwise have remained for the benefit of the plain-

tiff in times of future adversity. Plaintiff further says that because of the serious personal injuries sustained by her said husband by reason of said motor vehicle collision, the plaintiff has lost and will lose substantial future contributions to her support and maintenance which she would otherwise have received from her said husband and that said future loss is substantial and permanent. Plaintiff further avers that her said husband was hospitalized for several months and required frequent visitations from the plaintiff in order to maintain his nervous and emotional balance so as to recover properly from his said injuries, and that throughout said hospitalization period it was necessary for your plaintiff, although herself ill and disabled because of her own injuries, hereinafter described, to travel from her home to the hospital daily in order to visit her said husband and thereby encourage his more rapid recovery, and that said visitations caused the plaintiff financial loss for traveling expense and care of her minor child, Carl Thomas Ruediger, who also sustained injuries as the result of the motor vehicle collision hereinabove described. Plaintiff further avers that after her husband returned to his home it was necessary for the plaintiff to care for and nurse him and supply all of his physical needs and that neither plaintiff nor her husband were financially able to hire nursing care at home, and that plaintiff, although ill and disabled as the result of her own injuries, was required to perform extra work in nursing and caring for her husband up to the present time and will in the future be required to perform extra work in caring for his physical wants and necessities because her said husband will require further surgical care involving an operation upon his right foot and a long period of disability thereafter during which he will be unable to walk or to attend to his personal needs; and that all of the matters alleged in this paragraph have resulted in damage to the plaintiff for which she claims compensation in this action.

"15. That as a result of the collision of motor vehicles hereinabove described, the minor son of the plaintiff, Carl Thomas Ruediger, aged 21 months, sustained serious injuries to his person which required extensive hospitalization and medical care, and that after the release of her said son from the hospital it was necessary to place said child in the care of relatives and friends because he required day and night nursing care and plaintiff was too ill and disabled because of her own injuries to care for said child, but that when plaintiff became able to care for said child she was required to perform extra work in his care and nursing for a period of several months, which constituted a heavy burden on plaintiff because of her own weakened and partially-disabled condition, and that plaintiff sustained damage thereby for which she claims compensation in this action.

"16. That by reason of the premises, the plaintiff sustained many and serious injuries to and in her person, her property, her means of support and otherwise, because of which she has suffered great and irreparable damage, and that said injuries and damages consist of the following:

"(a) Bilateral fractures of the lower jaw, one of said fractures being of the right mandible at the bicuspid area compounded with gross displacement and laceration of soft tissues, and a fracture of the left mandible in the left molar area compounded intra-orally;

"(b) Bruises, abrasions and contusions of the head, face, neck, shoulders, arms, legs, torso, and particularly a severe blow to the abdomen;

"(c) That because of said injuries the plaintiff was rendered unconscious for a long period of time and was caused to be sick, sore, lame and disordered and unable to attend to her physical needs for many days, and was hospitalized for a period of 15 days, and was obliged to undergo several surgical operations to repair the damage to her lower jaw and surrounding tissues, and to have damaged and loosened

teeth held in place by wires and other devices for a long period of time, and that the fractures of her jaw have caused a permanent malformation of her lower jaw and the lower part of her face and have resulted in restricted motion or excursion of the lower mandible, with impaired articulation of her upper and lower teeth, and that her front teeth have been so displaced because of the said fractures that they present a buck-toothed appearance which, together with the malformation of the plaintiff's lower jaw, are permanent injuries and which have caused, and will throughout the plaintiff's future life cause, her to suffer great embarrassment and humiliation with resultant serious injuries and adverse effect upon her formerly naturally cheerful and friendly personality; that whereas plaintiff, prior to said injuries was a healthy, well adjusted person, she has, since said injuries, suffered a serious neurosis and almost complete change in her attitude toward life and association with other people and has become withdrawn and solitary in her habits of living, because of her fear of other people and her humiliation because of her appearance, which condition she is unable to control and which she alleges will be permanent, and that the plaintiff will in the future lose several teeth because of said fractures and will require future surgical operations for the removal of teeth and the preparation and fitting of dentures, and will have to submit to the use of artificial teeth and dentures for the remainder of her life;

"(d) That all of said injuries have caused the plaintiff great and excruciating physical and mental pain, suffering and nervous and physical disability, and will cause her pain, discomfort and disability in the future, for the rest of her life, and that because of the same the plaintiff has been permanently injured in her nervous system and has developed a deep-seated and uncontrollable fear of motor vehicles and motor vehicular traffic, which causes her frequent acute physical as well as mental dis-

tress, from which condition the plaintiff will continue to suffer throughout the rest of her life;

"(e) That plaintiff was approximately 5 months pregnant at the time of the infliction of said injuries, which pregnancy caused her to suffer more intensely from the effects of her injuries and from worry and anxiety over possible injury to her unborn child, because of having suffered a severe blow to her abdomen than would have been the case had she not been pregnant when injured."

Corky's Bar brings us the first question. Its owner says the statutory cause cannot be joined with the cause for negligence, and he alleges that "The continuation of Herbert Burtenshaw as a party defendant in this cause of action would be highly prejudicial to the rights of the other defendants."

The trial judge disagreed with Corky's Bar and denied a motion of its owner to dismiss for misjoinder or, in alternative, to compel an election between the causes of action as alleged. The order of denial is before us for review on leave granted Corky's Bar.

Old Bar, moving for all of the named bars and taverns, brings us the next question. Its owners point to the damage allegations of the declaration and say that the plaintiff cannot recover, under the civil damage act:

(a) Damages to plaintiff allegedly stemming from the results of the disability her husband suffered in the collision;

(b) Damages to plaintiff allegedly stemming from results of the injuries suffered by her children in the collision; and

(c) Damages for loss of consortium.

The trial judge agreed, in part, and disagreed otherwise with Old Bar. The latter's motion to strike was granted as to items (a) and (b) above and denied as to item (c). From an order to such

effect plaintiff appeals on leave granted. Old Bar and Ace Of Clubs cross-appeal such order.

*First:* This question—whether the victim of wrongful sale added to negligence may sue and hold in 1 trial the law-violating seller and the intoxicated consumer—has jockeyed its way in and out of our trial courts for many years. Appeals have been threatened and started, yet the question for apparent reasons of risk has never arrived here until this June term of 1956. Now that it is here, we hold with the trial judge that this declaration is good as against the presented question and that the 2 causes of action can be pleaded and tried together.

Under this declaration the respective defendants are severally liable to the plaintiff for such damages as she may properly prove in her own right according to established rules of pleading and evidence. The actual damages—sometimes called compensatory damages—she herself has suffered as a result of the successive wrongful acts are commonly provable as against all of the defendants, yet their monetary obligation to her arising from such actual damages is not the same because the statute indubitably allows more, against the offending bar owners on proper proof, than the common law does against the negligent motorist. The statutory measure authorizes recovery of exemplary damages if the proof justifies such damages—whereas the common-law measure of the motorist's responsibility accords right to compensatory damages. only.

It is said upon this situation that the 2 causes cannot be joined and tried together, and counsel sum up their position this way: "It would be impossible for the court to properly charge the jury without confusing them concerning the issues; and certainly the tavern keepers, who are under bond in this case, would be prejudiced by permitting this case to go to

trial and let the jury speculate so as to hold all of these defendants."

We perceive no practical difficulty in conduct of trial of the respective causes of action together—neither do we foresee prejudice to any defendant bar owner who, according to our rules of practice, receives his day in court by means of trial in the presence and company of the motorist to whose intoxication he is shown as an unlawful contributor. It is of course to be expected that the trial judge will utilize section 12 of Court Rule No 37 (1945) to fullest extent; that he will properly instruct the jury with respect to the measure of liability and the measure of damages in each instance, and that he will call for separate verdicts upon which verdicts separate judgments will be entered. Further, and if the case be one of unusual difficulty considering involved issues of fact and identity of defendants responsible for separately assessed amounts, he may on own motion employ section 7 of said Court Rule No 37 for the purpose of obtaining specific determinations of such issues as a basis for 1 or more judgments.

Joinder of these causes in 1 declaration, and trial of the 2 together, is authorized under plain terms of the statutes quoted in margin* and their comple-

* "Sec. 1. The plaintiff may join in 1 action, at law or in equity, as many causes of action as he may have against the defendant, but legal and equitable causes of action shall not be joined; but when there is more than 1 plaintiff, the causes of action joined must be joint, and *if there be more than 1 defendant, the liability must be one asserted against all of the material defendants, or sufficient grounds must appear for uniting the causes of action in order to promote the convenient administration of justice,* or when several suits shall be commenced against joint and several debtors, in the same court, the plaintiff may, in any stage of the proceedings, consolidate them into 1 action. If it appear that any such causes of action cannot be conveniently disposed of together, the court may order separate trials, or whenever several suits shall be pending in the same court, by the same plaintiff against the same defendant, for causes of action which may be joined, the court in which the same shall be prosecuted may, in its discretion, order the several suits

menting rule of court (original Court Rule No 70, adopted in *Lewis* v. *Bricker,* 232 Mich 388, 391—now section 12 of Court Rule No 37 [1945]). We have here, within meaning of CL 1948, § 608.1 (Stat Ann § 27.591) more than 1 defendant. We likewise have more than sufficient grounds for uniting the causes in order to promote the convenient administration of justice. It would in fact amount to patent injustice if we were to rule under these margin-quoted statutes that a plaintiff in present circumstances must choose her target among those who contributed in violation of law to her justiciable grievances. Therefore, and to make things plain for future cases where a plaintiff possessed of separate causes of action against separate defendants assumes to declare upon and try such causes together, it is ruled that the test will be whether (a) the liability is asserted against all of the material defendants, or (b), whether "sufficient grounds for uniting the causes of action in order to promote the convenient administration of justice" are made to appear. We have spoken.

It will be noted that original Court Rule No 70 (1945), identified above, was tied to and limited by the margin-quoted statute known today as CL 1948,

---

to be consolidated into 1 action." CL 1948, § 608.1 (Stat Ann § 27.591).

"Sec. 15. It shall be lawful for any plaintiff to include in 1 action as defendants, all or any of the parties who may be severally, or jointly and severally liable, and to proceed to judgment and execution according to the liability of the parties." CL 1948, § 612.15 (Stat Ann § 27.667).

"Sec. 12. In any action against 2 or more defendants, judgment may be rendered for the plaintiff against some 1 or more of the defendants, and also in favor of some 1 or more of the defendants against the plaintiff, according as the rights and liabilities of the respective parties shall appear, either upon confession, default, by pleading or on trial; and when judgment shall be rendered in favor of any defendant, he shall recover costs against the plaintiff, in the same manner as though judgment had been rendered for all the defendants; but no judgment shall be entered upon any purely several liability against any party not served with process." CL 1948, § 622.12 (Stat Ann § 27.1443).

§ 608.1 (Stat Ann § 27.591). By the 1931 revision of Michigan court rules, prepared for us by Professor Sunderland, the rule was broadened to include procedure in all cases "where separate and distinct causes are joined in actions at law," thus evincing clear intent of the court to include within purview of the amended rule separate and distinct causes joined at law by authority of any applicable statute or rule of practice. The rule and the quoted procedural statutes are unitedly designed to promote the convenient administration of justice and we see no reason for tightening their broad and wholesome purposes in this or like case. Our conclusion in such regard follows the same road of progress hitherto traveled between *Card* v. *Nemecek,* 331 Mich 614; and *Higdon* v. *Kelley,* 339 Mich 209.

*Second:* We hold that the motion to strike is out of order and that the trial judge should have denied it without prejudice. The motion seeks determination unaided by testimony that plaintiff cannot as a matter of law recover certain elements of damage she has alleged in her declaration. We are referred to no authority for the suggested practice, yet the sober insistence of reputable counsel that we should undertake such decision has prompted us to scan anew the section of court rule on which their motion of necessity is planted. It reads (present Court Rule No 17, § 7 [1945]):

"Demurrers are abolished, and whenever any pleading at law or in equity is deemed to be insufficient in substance, a motion to dismiss or to strike or for judgment on the pleading may be made, or the objection may be made in the answer or reply, and whenever any such pleading is deemed to be indefinite, uncertain or incomplete, a further and better statement of the nature of the claim or defense or further and better particulars of any matter stated in any pleading may be ordered on motion,

upon such terms in any case, as to costs and otherwise, as may be just."

It is not suggested that this declaration is insufficient in substance. It is not claimed that any allegation therein is indefinite, uncertain, or incomplete. Nor can it be claimed that the declaration or any part thereof is scandalous, impertinent, or drawn not in "conformity to these (court) rules" (quotation from section 9 of present Court Rule No 17). What counsel do contend is that we should in advance of trial determine what in actuality are anticipated questions of admissibility of evidence going to the question of damages. This we cannot do (*Albert* v. *Chambers,* 335 Mich 111), and such is but another way of saying that the motion to strike before trial cannot under our practice be utilized as an instrument of testing evidentiary questions.

The nature and extent of damages plaintiff is to recover, if she recovers at all, depend entirely on evidence not yet received. When that evidence is in, the trial judge for the first time will be in position to judge the questions Old Bar now advances. He will decide those questions, either by jury instructions or instructed verdict or verdicts, on such evidence. After he has done so, our appellate function can, if invoked, be exercised on the same evidentiary record.

Following argument of this case the Court requested counsel to submit answers to the following questions:

"1. Is a motion to strike portions of the damage allegations from an otherwise proper declaration authorized by section 7 of rule 17?

"2. Irrespective of court rule has our Court assumed before trial and without testimony to determine whether a plaintiff in trespass may or may not recover unliquidated elements of damage alleged in his declaration?"

The studied and careful replies of counsel, even though all desire attempt on our part to conjure plaintiff's damage-proving evidence with pronouncement as to admissibility thereof, confirm foregoing view that the possibly overworked motion to strike leads to no easy way of avoiding the proven function of a common-law trial. A damage rule attemptedly announced now on this declaration, without a testimonial record as basis therefor, might well tend to the oafish when compared with a later case brought here on complete record. We need facts—not pleaded conclusions of fact—, if lasting and worthy pronouncements of the law of damages are to be made, and we decline to guess now what this trial record will be like at close of proofs.

"More and more, we lawyers are awaking to a perception of the truth that what divides and distracts us in the solution of a legal problem is not so much uncertainty about the law as uncertainty about the facts—the facts which generate the law. Let the facts be known as they are, and the law will sprout from the seed and turn its branches toward the light." (Mr. Justice Cardozo, quoted in "The Art of Advocacy", by Lloyd Paul Stryker, p 11,—Simon and Schuster—1954.)

It is said, on strength of a separate suit brought by Mr. Ruediger, and additional suits brought by Mrs. Ruediger as guardian and administratrix respectively of the child injured and the child killed, all of which count upon the mentioned collision, that the defendant bar owners will be subjected to "double damages" if the present declaration be not arrested, in part, before trial. The contention will not stand up in the face of scrutiny, since we have no right to assume that the trial judge, by rulings in the course of trial and due instructions, will not limit Mrs. Ruediger's recovery to such damages as the jury find she has suffered in her own right on account of

the wrongs alleged. Further, we may safely assume that the presently-objecting defendants will, in the course of trial of the succeeding suits, if such be necessary to protect them from "double damages," bring out the fact and extent of previous recovery (if any) by Mrs. Ruediger as a basis for damage-controlling requests to charge. She is the representative plaintiff in 2 of the outstanding cases and can if necessary be called as a witness in the husband's case when it is tried.

Our next observation is corollarial: We do not share concern of defense counsel that inflammatory and noncurable proof relating to damages will come to jury attention should we fail now to excise this declaration. Fears and alarums of such nature are easily soothed by motion and offer of proof, with or without taking of testimony at chambers, if in view of the trial judge prejudice is imminent. See present Court Rule No 37, § 15 (1945).

Undoubtedly, the most prominent case discussed in the briefs is *Friend* v. *Dunks,* 37 Mich 25. The opinion in that case bears the signatures of Justices COOLEY, CAMPBELL, MARSTON, and GRAVES, and it with references made therein speaks in general definition of the elastic measure of recovery authorized by the civil damage act. The act so far as damages are concerned read at the time substantially as it does today. It was considered by the Court this way (p 33):

"As was said in *Mulford* v. *Clewell* [21 Ohio St 191, 197], already referred to, 'in order to sustain her action under these statutes for injury to her means of support, it is by no means necessary she should show she has actually been without support, or been, at any time, in whole or in part, deprived of means of support. *Means* of support relate to the *future* as well as to the present. It is enough if she show that the sources of her future support have been cut off, or

diminished below what is reasonable and competent for a person in her station in life, and below what they otherwise would have been. Of course the damages in such case would not be commensurate with the amount of loss or injury to the husband's estate, but merely the diminution, if any, thereby resulting to the wife's means of present and future support. *What those damages are, in any given case, the legislature have seen proper to leave in these broad terms to a jury to determine.'*

"*This whole question of permitting all the facts and circumstances in this class of cases to be laid before the jury, under such instructions and advice from the court as would tend to prevent the allowance of such as might be merely possible, or too remote and fanciful in their character to be safely considered as the result of the injury, was clearly laid down by* CHRISTIANCY, J., in *Allison* v. *Chandler,* 11 Mich 542, 555, 556. And the question of allowing for mental as well as physical damages was fully considered in *Welch* v. *Ware,* 32 Mich 77, 83, and we see no occasion to depart from what was there said upon this subject."

The Court as the quotation shows refers us to the general rules attending proof and recovery of damages as are set forth in *Allison* v. *Chandler,* 11 Mich 542. The following quotation from *Allison* is good proof that we could hardly undertake in the absence of evidence the task of determining as a matter of law whether this plaintiff can or cannot recover all of the damages she has alleged (pp 555, 556):

"The law does not require impossibilities; and can not, therefore, require a higher degree of certainty than the nature of the case admits. And we can see no good reason for requiring any higher degree of certainty in respect to the amount of damages, than in respect to any other branch of the cause. Juries are allowed to act upon probable and inferential, as well as direct and positive proof.

And when, from the nature of the case, the amount of the damages can not be estimated with certainty, or only a part of them can be so estimated, we can see no objection to placing before the jury all the facts and circumstances of the case, having any tendency to show damages, or their probable amount; so as to enable them to make the most intelligible and probable estimate which the nature of the case will permit. This should, of course, be done with such instructions and advice from the court as the circumstances of the case may require, and as may tend to prevent the allowance of such as may be merely possible, or too remote or fanciful in their character to be safely considered as the result of the injury.

"In the adoption of this course it will seldom happen that the court, hearing the evidence, will not thereby possess the means of forming a satisfactory judgment whether the damages are unreasonable, or exorbitant; and, if satisfied they are so, the court have always the power to set aside the verdict and grant a new trial."

Whether the fact be palatable or not, it will bear repeating that the legislature has left identity as well as amount of damages in civil damage cases pretty much up to juries. Note italicized quotation from *Friend* v. *Dunks, supra.*

To conclude: The motion of Corky's Bar, addressed to alleged misjoinder and right of compelled election, was properly denied and the trial judge's order with respect thereto is affirmed. The motion of the defendant bar owners, to strike certain portions of the damage allegations from plaintiff's declaration, should have been denied. The trial judge's order with respect to such motion is therefore reversed and an order will enter in circuit denying such motion to strike without prejudice to due objection and motion during the trial.

Plaintiff will recover costs of this Court as to each appeal.

SHARPE, SMITH, EDWARDS, BOYLES, KELLY, and CARR, JJ., concurred with BLACK, J.

DETHMERS, C. J., concurred in the result.

