## LEVESQUE v. LAFORTUNE.

1. APPEAL AND ERROR—DISAGREEMENT OF JURY—JUDGMENT FOR DEFENDANT—EVIDENCE.

   The Supreme Court views the testimony in the light most favorable to plaintiff and draws inferences therefrom most favorable to him on appeal from judgment entered for defendant after disagreement of the jury, where trial court found plaintiff guilty of contributory negligence as a matter of law (CL 1948, § 691.701).

2. AUTOMOBILES — PEDESTRIANS — CONTRIBUTORY NEGLIGENCE — EVIDENCE.

   Issue of westbound pedestrian's contributory negligence and defendant motorist's negligence *held,* questions for jury, where

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 886.
[2] 5A Am Jur, Automobiles and Highway Traffic § 1028.
[3] 31 Am Jur, Jury § 3 *et seq.*

evidence shows plaintiff had crossed east half of pavement and was nearly to west side of west half when struck by defendant's car which had travelled 250 to 300 feet and passed from east to west lane after plaintiff first saw it.

3. TRIAL—DEMAND FOR JURY.

   A plaintiff who files a demand for a jury trial and presents questions of fact for its determination is entitled to its finding thereon.

Appeal from Lapeer; Quinn (Timothy C.), J. Submitted April 4, 1957. (Docket No. 14, Calendar No. 46,910.) Decided June 3, 1957.

Case by Archie Levesque against Harry J. LaFortune and wife for injuries sustained when struck by automobile. After disagreement of jury, judgment ordered to enter for defendant. Plaintiff appeals. Reversed and remanded for trial.

*Frank C. Sibley* and *Thomas C. Taylor,* for plaintiff.

*Stellberger, LaPorte & Wilson* (*Robert L. Taylor,* of counsel), for defendants.

DETHMERS, C. J. Plaintiff appeals from judgment of no cause for action, entered, on motion of defendants, under CL 1948, § 691.701 (Stat Ann § 27.1471), after disagreement of the jury. The court found plaintiff guilty of contributory negligence as a matter of law.

Plaintiff undertook to cross from east to west a north and south, 2-lane, paved highway. Defendants' automobile was approaching from the south. Plaintiff testified that as he stood just off the east edge of the pavement he saw defendants' automobile 200 to 300 feet to his left; that he concluded that he could cross in safety, undertook to do so, and was struck by defendants. It is claimed in his behalf

that this happened at a point in the west half of the pavement. Defendants argue that their proofs that the accident occurred in the east lane stand unrebutted. In appeal from judgment entered for defendants under the statute, as here, we are bound, however, to view the testimony in the light most favorable to plaintiff and to draw the reasonable inferences therefrom which are in his favor. *Warwick* v. *Blackney*, 272 Mich 231; *Paw Paw Depositors Corp.* v. *John W. Free State Bank*, 278 Mich 637; *Poundstone* v. *Niles Creamery*, 293 Mich 455; *Longfellow* v. *City of Detroit*, 302 Mich 542; *Savas* v. *Beals*, 304 Mich 84; *Routhier* v. *City of Detroit*, 338 Mich 449 (40 ALR2d 1114). The testimony of plaintiff most favorable to him on the disputed question follows:

"*Q.* Which side of the center line were you on?

"*A.* I was on the clear side, on the left hand side going toward Lake Orion.

"*Q.* On the westerly half then?

"*A.* Yes, I wouldn't have to go very far before I would be out of the way altogether, but—goodbye. * * *

"*Q.* Did you look again toward Pontiac? You see this other car before you were hit?

"*A.* Yes.

"*Q.* How far from you was it when you saw it the second time?

"*A.* I would say it was about probably 100 feet or so.

"*Q.* Whereabouts were you standing at the time you saw it last, and where were you located with reference to the center of the street?

"*A.* Almost on the outside of that pavement when it hit me. If I had a few steps more, I would have been off the pavement altogether. * * *

"There was a car coming down and that was what hit me. She was coming pretty rapidly and cut

across this line and got me. I couldn't tell you any plainer than that.  *  *  *

"*Q.* Why didn't you wait on the east side, on the shoulder or gravel instead of walking across?

"*A.* Well, there wasn't cars enough and when the one car made the turn, that was going to hold up traffic, and I got pretty nearly across.  *  *  *

"*Q.* Now, if you were where you say you first saw this car, 200–300 feet away—

"*A.* It must have been 200 feet.

"*Q.* Can you judge the speed of an automobile, are you able to judge the speed of that car?

"*A.* Yes.

"*Q.* When you judged the speed, how fast would you say, in your best judgment, that car was going when you first saw it?

"*A.* 50–55.

"*Q.* Which side of M-24 was it on?

"*A.* On the inside angle in the curve pretty well. On the east side on the highway.

"*Q.* The passenger car that hit you, was it on its own side when it hit you?

"*A.* When I saw it. What make it cross, I don't know.

"*Q.* The very first time you saw it, when you said it was about 300 feet away and traveling at a speed of 50 miles per hour, was it at that time on its own side of the center line of the highway?

"*A.* I don't know why she did it.

"*Q.* Did you understand my question?

"*A.* Yes.

"*Q.* It's when you first saw the passenger car that hit you traveling 55 miles per hour, 200–300 feet away from you to the left or south, at that time was the passenger car that struck you on its own side or the easterly side of M-24?

"*A. She struck me on the opposite side.* (Italics supplied.)

"*Q.* I know, you said that 50 times. The first time you saw the car where was it?

"*A.* She was heading for the other side when she was 300 feet away. During that time, that 300 feet is a short distance, I was completely out of its way.

"*Q.* Thanks. Before you got off the pavement completely the car struck your leg?

"*A.* Yes.

"*Q.* What part of that car contacted your leg?

"*A.* The right side, no the left side.

"*Q.* Which side do you want to say it was?

"*A.* Here is the highway. The car is ahead of that car, she is going to move that way to get back on this road there. I followed this car right clean through. I thought I was safe and when she got about like this, she turned off, she got me.   *   *   *

"*Q.* You claim that the car that hit you was following that?

"*A.* That was following behind. I only had a few steps to get clear across.   *   *   *

"You need to go across the pavement, you think you are safe, all right to take a chance; you get by and you are almost by and something happens, he slips over and gets you."

Another witness testified.

"*Q.* Which side of the center line was the main portion of his body?

"*A.* In the west center, the west half of the road."

Still another testified:

"This gentleman was lying on the pavement   *   *   *

"*Q.* On the southbound lane, west half, west of the center line, was he?

"*A.* Yes."

An eyewitness to the accident, who saw plaintiff fall, testified:

"*Q.* Now, when you first reached him, he was lying where he had been hit, knocked to the ground?

"*A.* Yes, he hadn't moved.

"*Q.* Just give us your best estimation as to where the plaintiff's head was lying on the pavement?

"*A.* His head was facing west.

"*Q.* How close would you say to the west edge of the pavement?

"*A.* It was in the oncoming traffic lane, his feet in his lane there, at least a foot or so from the westerly edge."

It is a reasonable inference from the above testimony that prior to the collision defendants' automobile swerved from the east onto the west lane and that plaintiff was struck on the west half of the pavement after having safely crossed the east half. If that be so, a question of fact for the jury but the truth of which we assume for purposes of this appeal, then defendants were operating their automobile on its wrong side of the pavement, giving rise to a further question of fact for the jury as to defendants' negligence in so doing.

What of defendants' contention that plaintiff was properly held guilty of contributory negligence as a matter of law? Defendants say that under the undisputed proofs plaintiff either failed to make proper observations before or while crossing the pavement or, if made, he proceeded heedlessly in disregard of obvious danger. But if, as above considered, defendants' automobile changed its course just before the accident and plaintiff was struck on the west half of the pavement which, under the circumstances disclosed by the record, he might assume would be a place of safety where defendants' automobile had no right to be, then the question of plaintiff's contributory negligence was one of fact for the jury. *Winckowski* v. *Dodge,* 183 Mich 303; *Wallace* v. *Kramer,* 296 Mich 680; *Burnash* v. *Compton,* 298 Mich 70; *Knoellinger* v. *Hensler,* 331 Mich 197; *Day* v. *Troyer,* 341 Mich 189; *Greenberg* v. *Greenberg,* 337 Mich 390; and cases cited in *McKenzie* v. *Sternicki,* 338 Mich 487 at 490.

Having filed a demand for jury trial, plaintiff is entitled to a jury determination of fact questions.

Reversed and remanded for trial, with costs to plaintiff.

SHARPE, SMITH, EDWARDS, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.