■  In the Matter of the Arbitration between INTERNATIONAL ASSOCIATION OF MACHINISTS, AFL-CIO, LODGE 2116, Appellant, and BUFFALO ECLIPSE CORPORATION, BUFFALO BOLT COMPANY DIVISION, Respondent.— Order entered December 18, 1959, and order entered June 21, 1960, insofar as appealed from, unanimously reversed on the law and facts, with $25 costs and disbursements and motion granted, with $10 costs.  Memorandum:  Special Term should not have undertaken to decide whether the permanent termination of employment on the closing of the plant was a "lay-off" within the meaning of the contract.  That is for the arbitrators to decide (*Matter of Potoker* [*Brooklyn Eagle*], 2 N Y 2d 553; *Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76).  The duty to arbitrate a dispute arising during the term of the agreement survives the expiration thereof.  (*Matter of Lane* [*Endicott Johnson Corp.*], 274 App. Div. 833, affd. 299 N. Y. 725.)  (Appeal from order of Erie Special Term denying motion by Clifford, individually and as president of Lodge 2116, to compel respondent to arbitrate certain disputes; also appeal from part of order of Erie Special Term granting leave to petitioner to renew the motion but again denying arbitration.)  Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■  ANNAMARIE SWANSON, as Administratrix of the Estate of HAROLD S. SWANSON, Deceased, Appellant, v. EVANS OIL INC. et al., Respondents.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.  Memorandum:  In this appeal from a judgment dismissing plaintiff's complaint in a death action, the appellant contends that the unanimous jury verdict was prejudicially influenced by improper questions tending to show that the plaintiff was entitled to workmen's compensation benefits and by statements made by defendants' counsel in summation that the defendant had been exonerated by the Coroner and the Motor Vehicle Department.  There is nothing in the record to justify either the questions or the statements in summation.  The attempt to show that the plaintiff was entitled to workmen's compensation was improper.  (*Johnson* v. *Gianino*, 279 App. Div. 760; *Lisanti* v. *Kenney Co.*, 225 App. Div. 129, affd. 250 N. Y. 621; *Posnick* v. *Crystal*, 181 App. Div. 660.)  It was likewise error to state that the Motor Vehicle Department had taken no adverse action.  (*Tyron* v. *Willbank*, 234 App. Div. 335; *Kopp* v. *Hoffman*, 280 App. Div. 954.)  The improper matter cast upon the defendants the burden of showing that it did not influence the verdict rendered.  (*Manigold* v. *Black Riv. Traction Co.*, 81 App. Div. 381, 385.)  Where counsel propounds a question which he must be assumed to know cannot be properly answered, the error is not cured by the Trial Judge's ruling sustaining an objection thereto.  (*Cosselmon* v. *Dunfee*, 172 N. Y. 507.)  It was not necessary to move for a mistrial.  (*Smith* v. *Majestic Iron Works*, 2 N Y 2d 544.)  Willfulness is a factor to be considered and is demonstrated by repetition of the error.  (*Frahm* v. *Siegel-Cooper Co.*, 131 App. Div. 747.)  In the present case, it cannot be said that the jury may not have been influenced by the improper matter.  The judgment, therefore, should be reversed and a new trial granted.  (Appeal from judgment of Cattaraugus Trial Term for defendant for no cause of action in an automobile negligence action.)  Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■  ALBERT FREEDMAN, Appellant, v. MANUFACTURERS & TRADERS TRUST COMPANY, Defendant, and MONA FREEDMAN, as Administratrix of the Estate of PERCY FREEDMAN, Deceased, Respondent.— Order unanimously affirmed, with $25 costs and disbursements.  (Appeal from order of Erie Special Term denying plaintiff's motion for summary judgment.)  Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.