McCULLOUGH v. WARD TRUCKING COMPANY.

1. NEGLIGENCE—DISAGREEMENT OF JURY—EVIDENCE.

The fact that a jury has disagreed on the issue of defendants' negligence is some evidence that all reasonable persons would not agree.

2. SAME—QUESTION OF LAW.

The matter of negligence may be determined as a question of law only when all reasonable men would agree as to the quality of an act as being either negligent or prudent.

---

REFERENCES FOR POINTS IN HEADNOTES

[2] 38 Am Jur, Negligence § 344.
[3] 5A Am Jur, Automobile and Highway Traffic § 398.
Liability for injury by backing of vehicle. 63 ALR2d 5, 108, 184.
[4] 30A Am Jur, Judgments §§ 54, 55.
Entry of judgment after disagreement of jury. 31 ALR2d 885.
[6] 16 Am Jur, Death § 223.
Compensation from other sources as affecting recovery for death. 95 ALR 575.

3. Automobiles—Cement Truck—Negligence—Observation—Evidence.

Evidence that defendant truck driver with load of cement mix failed to look at truck's right rearview mirror after he started to back toward mixer with persons known to be in the vicinity of the backing path constituted evidence of causal negligence of the driver in action for fatal injuries received by plaintiff's decedent who fell to the ground and was run over by the truck.

4. Trial—Disagreement of Jury—Motion for Judgment.

The party opposing a motion for judgment under the statute after disagreement of the jury is entitled the same favorable view as is due when a motion for directed verdict or for judgment notwithstanding verdict is presented (CL 1948, § 691.701).

5. Death—Negligence—Proximate Cause—Evidence—Disagreement of Jury.

Judgment, entered on defendant's motion under statute after disagreement of jury in action under death act against owner of cement truck and its driver for wrongful death of plaintiff's decedent, is reversed and case remanded for new trial, where, although no question of contributory negligence is presented, the evidence adduced raised an issue of fact as to defendant's negligence and proximate cause for consideration by jury (CL 1948, § 691.581 *et seq.*; § 691.701).

6. Same—Damages—Social Security Benefits—Suppression of Evidence.

The amount of recovery under the wrongful death act may not be diminished by widow's receipt of social security benefits, such amounts being in the same category as amounts paid to a surviving beneficiary on a life or casualty insurance policy, hence, evidence of such amounts should be suppressed (CL 1948, § 691.581 *et seq.*).

7. Same—Evidence—Workmen's Compensation—Equally Divided Court.

The admissibility of evidence in action under wrongful death act against third-party defendant, that decedent was killed under circumstances entitling his dependents to benefits under the workmen's compensation act, presents an issue upon which the Supreme Court is equally divided, where neither the employer nor his insurance carrier had been joined as a party plaintiff (CLS 1956, § 413.1).

· Appeal from ·Wayne;· Quinn (Timothy C.), J., presiding. Submitted June 7, 1962. (Docket No. 17, Calendar No. 49,162.) Decided October 1, 1962.

Case under the death act by Odessa McCullough, administratrix of the estate of Van McCullough, against Ward Trucking Company, a Michigan corporation, subsequently designated as a copartnership, and William A. Hanzinger for damages arising when her husband was run over by truck on road construction job. Action against individual defendant truck driver discontinued. On disagreement of jury and on motion judgment entered for defendant. Plaintiff appeals. Reversed and remanded for new trial.

*Buell Doelle, Edward P. Echlin, Vandeveer, Haggerty, Doelle, Garzia, Tonkin & Kerr,* and *Damon J. Keith,* for plaintiff.

*Cary, BeGole & Martin,* for defendant.

BLACK, J. The primary question in this case is governed by a changeless rule of the common law, written here many years ago and followed since by most of the courts of the States as well as the courts of the United States. The "12 reasonable men [and women] appointed by the Constitution to determine disputed or doubtful questions of fact" have themselves disagreed. That is some evidence, by itself, that all reasonable persons would not agree with respect to the conduct of this defendant driver as being negligent or prudent.[1]

---

[1] This is not to say that the mere fact of disagreement of a jury is conclusive that a question of fact has been presented for jury consideration. It is to say, repetitiously perhaps, that it is only where *all* reasonable minds reach the same conclusion that issues of "negligence and contributory negligence will be treated as presenting questions of law exclusively." (*Scharman* v. *Bay County Bridge Commission,* 158 Mich 77, 83, citing Michigan cases); also that the fact of disagreement of 12 such minds should be considered when a trial judge ponders a motion under the disagreement statute.

The decisional test comes from the pen of Mr. Justice Cooley, reflected in *Bronson* v. *Oakes* (CCA 8), 76 F 734, 739, 740 (following *Jones* v. *East Tennessee V. & G. R. Co.*, 128 US 443 [9 S Ct 118, 32 L ed 478], and *Grand Trunk R. Co.* v. *Ives*, 144 US 408, 417 [12 S Ct 679, 36 L ed 485]):

"When it can be affirmed that all reasonable men would agree as to the quality of an act in respect of its being either negligent or prudent, the court may give effect to such consensus of opinion, and direct a verdict in accordance therewith. The direction is given, not because it is the judge's opinion alone, but because the judge is able to say that it is also the opinion that all reasonable men would entertain of the question. If there is doubt as to whether all reasonable men would draw the same conclusion from the evidence, then the question must be submitted to the 12 reasonable men appointed by the Constitution to determine disputed or doubtful questions of fact. The rule on the subject is well stated and illustrated by Judge Cooley in delivering the opinion of the court in *Detroit & Milwaukee R. Co.* v. *Van Steinburg,* 17 Mich 99, 118. The learned judge said: (here follows extended quotation from the *Van Steinburg Case*)."

The plaintiff administratrix sued defendants for the wrongful death of her husband.[2] The presented issues were tried duly to court and jury. Defendants moved in due time for an instructed verdict in their favor. The motion was denied. Following deliberation extending into a second day, the jury reported to the court that its members were unable to agree; whereupon it was relieved and discharged. On motion of defendants, presented under the mentioned statute (CL 1948, § 691.701 [Stat Ann § 27.1471]), the

[2] See CL 1948, § 691.581 *et seq.* (Stat Ann and Stat Ann 1959 Cum Supp § 27.711 *et seq.*).

trial judge entered judgment for defendants. Plaintiff appeals.

The ruling below appears in the record as follows:

"Plaintiff's decedent was employed by G. Toccalino & Sons as a cement puddler on a road construction job; he was killed August 26, 1957, on the job when run over by a truck of defendants hauling batch mix to the cement mixer. The road work was on Gulley road, which runs north and south; the east lane had been paved in the area of the accident and for some distance north and south thereof. The trucks with batch mix backed from north to south on the unpaved west side of Gulley road to the mixer. At the time of the accident, 2 trucks had backed in to the mixer and were stopped; defendants' truck was in the process of backing in. Plaintiff's decedent was walking north toward the backing truck on the unpaved west side of Gulley road; at a point 15 to 20 feet behind the truck, for no reason determinable on this record, he fell down in the path of defendants' truck. He did not move after the fall and was run over. In the backing process, defendants' driver made observations in his right and left mirror and then opened the left door, hung his head out and looked backward. In this position, he could not see the right rear corner of the truck or objects behind it. The truck was backing 3 to 5 miles per hour.

"In their motion, defendants assert 3 grounds, viz: no proof of negligence, negligence of decedent, and his fall was an intervening and the sole cause of the accident. Assuming for the purpose of this opinion, but not so holding, that the facts require the submission of the question of defendants' negligence to the jury, it is still plaintiff's burden to show that the injuries resulted from such negligence before submission is proper. Taking this record in the light most favorable to plaintiff and applying the test laid down in *Kaminski* v. *Grand Trunk W. R. Co.*, 347 Mich 417, it is the opinion of this court that it is no more than conjecture, if that, to say that the injuries

resulted from the negligence (assumed). This is not enough. Verdict should have been directed for defendants."

To the facts related by the trial judge we add that there was testimony from which the jury could have found that the defendant driver failed to look at the properly positioned right rearview mirror of the truck, after he started to back toward the mixer, and that such omission constituted causal negligence. Particularly is this so when a heavy dump truck is being backed, toward a loading or unloading position, with persons known to be in the vicinity of the backing path. As observed in *Hopkins* v. *Lake,* 348 Mich 382, 393, the driver's direct vision to the rear is "completely nil save only as to the limited left side arc." Thus, when modern and convenient means are provided—as here—for desirable vision toward the right rear backing path, and the backing driver does not regularly utilize such means, an inference of negligence and causative effect thereof may be drawn, by the trier or triers of fact, from such omissive conduct.

On motion under the statute the party opposing such motion is entitled to the same favorable view as is due when a motion for directed verdict or for judgment notwithstanding verdict is presented. *Levesque* v. *LaFortune,* 348 Mich 443. No question of contributory negligence is presented. The question of proximate cause is controlled by what was said in our recent decision of *Barnebee* v. *Spence Brothers,* 367 Mich 46. The judgment of the circuit court must in these circumstances be, and accordingly is, reversed and the case is remanded for new trial. Costs to plaintiff.

A second question is raised. Since it may arise on retrial we consider it. The question, stated by plaintiff and accepted by defendants:

"Did the trial court during the conference in chambers between court and counsel err in not unconditionally ruling that defendant's counsel was to make no reference to workmen's compensation insurance in the presence of the jury?"

No valid reason is given why matters of such nature should intrude the jury trial of issues such as are presented by these pleadings. See discussion of the point in *Wright* v. *Delray Connecting R. Co.*, 361 Mich 619, 628–630.[3] No authority for injection of the stated matter is cited; whereas the general rule is (77 ALR2d 1154, 1156; "Prejudicial effect of bringing to jury's attention fact that plaintiff in personal injury or death action is entitled to workmen's compensation benefits") :

"Generally, it has been held to constitute error, requiring a reversal or new trial, to bring to the jury's attention the fact that the plaintiff in a personal injury or death action is entitled to workmen's compensation benefits. The courts have reasoned that such information would tend to prejudice the jury and influence their verdict, either as to liability or damages, as such information is ordinarily immaterial and irrelevant."[4]

The practice followed by plaintiff, prior to swearing of the jury and at chambers, was eminently proper. See *Ruediger* v. *Klink*, 346 Mich 357, 372. The trial judge's sound ruling of inadmissibility considered, the result should have been an order that de-

---

[3] In the like *Wright Case* "the matter of compensation" was brought before the jury in the course of opening statements of counsel, all without objection. It was held in such circumstances that the trial judge did not err in instruction "that the plaintiff would, in the event of his recovery of a judgment, be required to repay to the insurance company the amount so received." Here, by effort made prior to the swearing of the jury, plaintiff sought to obtain a ruling that counsel should refrain from bringing such matters before the jury.

[4] "There is nothing in the record to justify either the questions or the statements in summation. The attempt to show that the plaintiff was entitled to workmen's compensation was improper." *Swanson* v. *Evans Oil Co., Inc.*, 12 App Div 2d 875 (209 NYS2d 860, 861).

fendants, desiring as they said to make a record of the claimed right "to go into the workmen's compensation angle in this case," should proceed to make an offer of the proposed proof at chambers under Court Rule No 37, § 15 (1945). Instead, the trial judge said that if counsel could not agree "to abide by the announced advance ruling of the court," that "the matter should be raised at the trial by questions propounded and objection made and ruling obtained therein." Thus the injecting question was asked, the objection was made, and the advance ruling of inadmissibility was repeated, all in the presence of the jury.

If it is proper—and it is—for defense counsel to seek at chambers an advance ruling of suppression when a plaintiff's counsel proposes without disclosed right to inject the subject of the defendant's insurance coverage, so is it proper for a plaintiff to seek such ruling of suppression when his opponent proposes without disclosed right to inject the subject of payment of compensation, or availability of compensation, when the action is brought under the auspices of the 1952 amendment (CLS 1956, § 413.15 [Stat Ann 1960 Rev § 17.189]). This practice of calculated and unwarranted introduction before the jury of like matters of prejudice should be stopped quite as promptly whether a plaintiff or a defendant is the culprit.

A corollary question arose when counsel met with the trial judge, at chambers before trial. In addition to attempted suppression, before the jury, of the matter of compensation reviewed above, plaintiff's counsel sought also to suppress proof of or reference to the fact that plaintiff, since her husband's death, had received and would receive social security benefits. Since that question may arise on retrial, we refer the trial judge to *Lebel* v. *Swincicki*, 354 Mich 427, and *United States* v. *Hayashi* (CCA 9), 282 F2d

599 (84 ALR2d 754), and declare agreement with the annotator's conclusion (84 ALR2d 764, 765):

"In the few cases in which the question has thus far engaged the attention of the courts, it has been uniformly held that the amount of recovery for death by wrongful act should not be diminished by the receipt of social security benefits. In general, such payments have been regarded as being in the same category as amounts paid to a surviving beneficiary on a life or casualty insurance policy, or as a pension, which, it is well settled, are not to be considered in mitigation of the damages sustained as the result of a tortious death."

DETHMERS and OTIS M. SMITH, JJ., concurred with BLACK, J.

SUPPLEMENT (September 27, 1962):

This case, previously assigned to the writer, was duly submitted June 7th. The foregoing opinion of the principal issue, and of the now further discussed question, was turned over to other members of the Court, for their consideration, on July 28th. Since then this Court's regularly ensuing opinion day (September 7th) has come and gone. Today (4 days prior to our next opinion day), writing and advising other members of the Court for the first time respecting his views, Mr. Justice SOURIS declares that, in a suit brought exclusively by a workman or his personal representative under the act of 1952 (CLS 1956, § 413.15 [Stat Ann 1960 Rev § 17.189]), the third-party defendant may rightfully inject into the case, over the plaintiff's timely and continued objection, the availability to the latter or his dependents of benefits under the workmen's compensation law.

I gather that our Brother's reasoning is that, since the act of 1952 gives the employer an elective right to join or remain out of the suit (here the employer

has sensibly chosen to stay out), a like right to "join" the employer—by any means, prejudicial or otherwise—is automatically extended to such third-party defendant. My answer is that the right of joinder is, so far under the cited statute as well as our present rules of practice, a matter for exclusive determination of the employer; that it is none of the third-party defendant's business whether the employer moves in or stays out; that when the employer chooses to stay out the third-party defendant has no more right to bring forth the "silent plaintiff" than has a typical plaintiff in negligence to unearth the "silent defendant"; that the protection afforded the employer's workmen, under the workmen's compensation law, is provided at expense of the employer and employee rather than such third-party defendant, and that the injection of such wholly irrelevant matter was, in this particular suit, done for no reason than that of carefully calculated prejudice. No other conclusion than such last can be drawn from what occurred prior to trial, then at chambers immediately before trial, and thereafter during trial.

Not brought to light so far is defendants' motion, made before trial, "To Add Party-Plaintiff." By that motion defendant vainly sought directly what they later accomplished by indirection during the trial. Judge Bowles denied such motion, ruling properly that:

"The only remaining question is whether the applicable statute by its terms permits the involuntary impleading of a party plaintiff. The applicable statute, CLS 1956, § 413.15 (Stat Ann 1960 Rev § 17.189), need not be quoted in its entirety. It does provide: 'Any party in interest shall have a right to join in said suit.' This is plain language and can only mean that any party in interest has a right to come in if he wants to; the converse may not be implied, namely, that he may be brought in against his will and if the

legislature so intended, it could easily have so stated in unmistakable language."

Authority to the point of present disagreement is all one way, no exceptional circumstances being shown and defendants' sole excuse for such injection being that certain employees of the employer were witnesses and, *their* credibility being involved, that it was proper to "bring out the interest of Toccalino & Sons (the employer) in the lawsuit." Thus, even the defendants are quite unwilling to assume, either in brief or oral argument, the extreme position my Brother takes. That position is supported by no cited authority, and it collides directly with the general and well nigh universal rule the reader will find in the annotation quoted above.

Justice Souris alleges concern, soberly withal, that prejudice to the plaintiff workman (or his dependents if death ensues) may result if the fact of past or available payment of benefits under the workmen's compensation law is withheld from the jury. Touching indeed is such professorial solicitude. Doubtless plaintiff's veteran and experienced trial counsel will heed the error of his hitherto upheld (by 2 successively participating circuit judges) objection and will open the door to jury consideration of everything the decedent workman has earned—yes, earned by contributed work or paid premiums or both—for the dependent beneficiaries of this alleged cause for wrongful death.

The final fact of this case is that defendants are liable to plaintiff, if liable at all, solely for the amount of compensatory damages allowed by the death act, no more and no less,[5] and that the jury, defendant likewise, are no more concerned with the statutory distribution thereof (see section 2 of the death act,

[5] The act of 1952 says just that. See the first sentence of the fifth paragraph of the section.

CL 1948, § 691.582 [Stat Ann 1959 Cum Supp § 27-.712], in conjunction with the act of 1952) than they are with the amount and payment of the "expenses of recovery" for which provision is expressly made in the act of 1952. If we must concern ourselves that this plaintiff get "enough", why not for retrial direct that the jury be advised as to the amount of contingent fees the probate court has approved for payment out of any award the jury may render? Yes, indeed, let us go sled-length with these impractical and wholly untried notions of jury justice.

KAVANAGH, J., concurred with BLACK, J.

SOURIS, J. (concurring). I agree the judgment must be reversed and the case remanded for new trial for the reasons stated by Mr. Justice BLACK. I do not agree, however, that it is error to permit counsel for either party in a suit such as this to introduce evidence of plaintiff's receipt of or future entitlement to workmen's compensation benefits. As far as I have been able to determine, this question has never been squarely decided by this Court.

While the annotation in 77 ALR2d 1154, referred to by Mr. Justice BLACK, indicates that such evidence is excluded in a majority of jurisdictions, I remain troubled by the possible consequences of nondisclosure in view of the fact that our statute (CLS 1956, § 413.15 [Stat Ann 1960 Rev § 17.189]) requires repayment of such benefits from any judgment or settlement recovered from defendant. The statute provides that from any recovery the plaintiff may make against the third-party defendant, after deducting certain expenses of recovery, the employer or its workmen's compensation insurance carrier first shall be reimbursed for any benefits paid or payable to the date of recovery and the balance of the sum recov-

ered shall be treated as an advance payment by the employer or carrier on account, and to the extent, of any future compensation benefits to which the plaintiff subsequently becomes entitled. Benefits under the workmen's compensation act are designed to recompense, in part, an employee for wages lost from an injury arising out of and in the course of his employment and for certain medical expenses. There is no compensation allowed by the act for pain and suffering or for humiliation or for non-medical expenses incurred. Benefits allowed under the act are determined in advance by the legislature, not by a jury. In *Crilly* v. *Ballou,* 353 Mich 303, at p 308, the benefits allowed by the act were described as "limited to interference with earning capacity."

But plaintiff's recovery in a common-law negligence action[*] is not so limited. It may include wage losses and medical expenses, but it also may include much more. In those cases where the plaintiff is awarded a judgment which compensates him for wage losses and medical expenses at least to the extent of workmen's compensation benefits received and receivable by him, CLS 1956, § 413.15 (Stat Ann 1960 Rev § 17.189) results in no injustice. However, it does not strain credulity to believe that jurors, and even judges, sometimes neglect to fully compensate a prevailing tort plaintiff for lost wages and medical expenses when damages are also awarded for pain and suffering and the like. In such cases, the jury's (or the judge's) lack of knowledge that reimbursable compensation benefits have been paid or are payable, results in postjudgment depletion (or exhaustion) of the award made plaintiff for non-reimbursable damages.

It would seem to me that evidence of payment of or entitlement to reimbursable workmen's compensa-

---

[*] Or in a wrongful death action, as in this case.

tion benefits could properly be admitted in the interest of avoiding frustration, in whole or in part, of a common-law or death-act judgment. Such evidence in a jury trial, of course, would have to be accompanied (perhaps at the time of its introduction and again at the close of the case) by an appropriate protective instruction to safeguard against the jury's misuse of it. I am willing to rely upon the ingenuity and skill of our trial bar, both plaintiff and defense counsel, and of our trial judges to protect against misuse of such evidence. On whichever side of counsel's table the advantage ultimately may lie in the disclosure of such facts, a jury would be enabled more intelligently to determine the net effect of its award, while, on the other hand, the risk would be reduced that such award may be made with undue jury regard for factors of personal sympathy.

CLS 1956, § 413.15 (Stat Ann 1960 Rev § 17.189) allows plaintiff's employer or its workmen's compensation insurance carrier to join him in his suit against the third-party defendant without regard to plaintiff's desires in the matter. See *Muskegon Supply Co.* v. *Green,* 343 Mich 340, 346, 347. In such cases, I would not suppose that the plaintiff, if he so desired, would be barred from presenting evidence of the interest and its monetary value of his employer or its insurer. To deny him this right would, in my opinion, do a substantial injustice to such plaintiff compelled, perhaps against his wishes, to accept coplaintiffs in his suit (including, possibly, an insurance company). I know of no circumstance in the law where the interest of a named party to litigation must be kept secret from the jury. If, as I believe to be true, evidence of benefits paid and payable may be admitted in such cases, it would seem not unreasonable to admit the same evidence in cases where the employee alone sues, the employer or insurance car-

rier, the "silent" or "concealed" plaintiffs,* still having a very real interest in whatever recovery plaintiff may be awarded.

For the foregoing reasons I have concluded that I must disagree with the conclusions reached by Mr. Justice Black on this part of the case.

Carr, C. J., and Kelly and Adams, JJ., concurred with Souris, J.

---

* See *Wright* v. *Delray Connecting R. Co.*, 361 Mich 619, 629.