### CHATHAM SUPER MARKETS, INC., *v.* AJAX ASPHALT PAVING, INC.

1. Contracts—Modification—Novation.

    A written contract may be rescinded or may be modified either in writing or orally or a new contract may be entered into between the parties.

2. Same—Pleading—Motion to Dismiss.

    A motion to dismiss an amended declaration in an action for breach of a contract should be tested solely by and from the 4 corners of such declaration.

3. Same—Third-Party Beneficiary—Pleading—Motion to Dismiss.

    Averment in plaintiff owner's declaration in action for loss under agreement between general contractor for erection of a supermarket and defendant subcontractor that latter was obligated directly to plaintiff to perform paving work according to architect's specifications and that plaintiff was a third-party creditor beneficiary of defendant's undertakings, promises, guarantees, and warranties under the third-party beneficiary statute *held*, sufficient to state a cause of action as against motion to dismiss, whether or not the statute was applicable being determined as a question upon trial (CL 1948, § 691.541 *et seq.*).

References for Points in Headnotes
[1] 12 Am Jur, Contracts § 427 *et seq.*
[2–6] 41 Am Jur, Pleading §§ 330–334.

4. PLEADING—MOTION TO DISMISS—AFFIDAVITS.

A rule-provided motion to dismiss a declaration for failure to state a cause of action cannot be tested by factual affidavit of support, or factual affidavit in opposition, or both, in view of court rule requirement that pleading shall not state matters of evidence (GCR 1963, 111.9).

5. SAME—MOTION TO DISMISS.

All facts that are well pleaded must be taken as true for the purposes of a motion to dismiss the pleading before trial.

6. SAME—MOTION TO DISMISS—CAUSE OF ACTION—JUDGMENT.

A cause of action, as the term is used in motion to dismiss for failure to state a cause of action, means the pleaded concurrence of facts giving rise to the obligation sought to be enforced against the defendant and is not to be confused with the plaintiff's right to judgment, the latter being dependent upon the proof offered in support of the asserted case and upon what defenses can be established against the cause of action asserted.

Appeal from Wayne; Sullivan (Joseph A.), J. Submitted April 2, 1963. (Calendar No. 5, Docket No. 49,905.) Decided June 3, 1963.

Action by Chatham Super Markets, Inc., a Michigan corporation, against Ajax Asphalt Paving, Inc., a Michigan corporation, for breach of contract made by defendant as subcontractor. Cause dismissed on motion. Plaintiff appeals. Reversed and remanded.

*Bizer & Sommers,* for plaintiff.

*Arthur I. Gould (Louis Rosenzweig,* of counsel), for defendant.

BLACK, J. Plaintiff contracted in writing with the Shefman Construction Company "to erect a supermarket building and make parking improvements" on plaintiff's then vacant land in East Detroit. The covenants included one for construction and paving, by Shefman according to detailed plans and speci-

fications, of a large parking area adjacent to the building. Shefman subcontracted the parking area pavement job to defendant. The subbase and paving done by defendant turned out to be wholly defective with result that plaintiff was compelled to reconstruct and repave at a cost of $16,770.

Plaintiff sued the defendant subcontractor for the loss, alleging among other things:

"27. That under the contract between Shefman and the defendant, the defendant agreed and undertook to be obligated directly to plaintiff to duly perform all of the work for the blacktop paving in accordance with the plans and specifications prepared by Louis G. Redstone, an architect, Job No. 1518, and to relieve and discharge Shefman from its (Shefman's) contractual duty to plaintiff to do said blacktop paving work, et cetera. * * *

"29. That plaintiff is a third-party creditor beneficiary of defendant's undertakings and promises, guarantees, and warranties by virtue of the provisions of PA 1937, No 296 (CL 1948, § 691.541 et seq. [Stat Ann 1953 Rev § 26.1231 et seq.])."*

Defendant countered by motion to dismiss, claiming that plaintiff's declaration as amended failed to state a cause for the reason "That there is no privity of contract between the plaintiff and the defendant." To its motion to dismiss defendant attached an affidavit of the president of the defendant corporation averring "personal knowledge of all of the facts stated herein; that he was the person who conducted the negotiations with Shefman Construction Company, * * * and that the only contract, written or oral entered into between the defendant and the Shefman Construction Company is the [one] dated May 21, 1956, a copy of which is herewith attached and made a part of this affidavit."

---

* These seem to have been the critical allegations. See presently quoted discussion between court and counsel.

The motion to dismiss provoked several hearings, during which the following colloquy occurred:

*"The Court:* How can the plaintiff in this case allege the specific provisions of an oral contract between the general contractor and the defendant here?

"It seems to me that all the plaintiff has done here is to provide allegations to shore up the deficiencies previously pointed out by the court's opinion, when it dismissed the original declaration filed herein.

*"Mr. Sommers:* We propose to prove this by testimony of Shefman himself.

*"The Court:* Does he have an affidavit, by any chance, attached to this?

*"Mr. Sommers:* No, he doesn't, Your Honor.

*"The Court:* Have you taken his deposition?

*"Mr. Sommers:* We haven't had a chance to. That is what I have been arguing. We should be given a chance to do that. * * *

*"The Court:* Let me put it to you in this way. Is there anything in here indicating that this is Shefman's understanding of what was being done?

*"Mr. Sommers:* Yes, paragraph 15 of our latest declaration.

*"The Court:* What I mean is this. There is no affidavit, for example, from Mr. Shefman.

*"Mr. Sommers:* This doesn't have to be a sworn pleading, your Honor.

*"The Court:* Well, here, by leave of the court, you have been permitted to file after the court decided the motion. You have been permitted to file a second amended declaration to see if you could come up with facts to suggest to this court that there is some merit in your position, that if there were a trial you could produce testimony proving the allegations which you have made here orally and in writing. * * *

"We have actually 3 declarations here, plus a lot of intervening conversation and representations,

and the court has, for example, looked at the only writing that I know of, and apparently that you know that exists between the general contractor Shefman and the defendant in this case. And the language of that short, brief letter is anything but what is represented here in your declaration."

Defendant's motion was ultimately granted and plaintiff has appealed. The briefs present an interesting discussion of the interpretation and application of the third-party beneficiary statute (CL 1948, § 691.541 *et seq.* [Stat Ann 1953 Rev § 26.1231 *et seq.*]) ; a discussion which may or may not prove decisive when the essential facts are established (a) by deposition or depositions as suggested by plaintiff's counsel (see colloquy above) or, (b) by motion or motions for summary judgment under GCR 1963, 117, or (c) trial of the cause on complete pleading by the parties.

The right of motion to dismiss, assigning no cause alleged, seems surely as having been misapprehended and misapplied here. That the movant has attached to its motion the mentioned affidavit is presently immaterial. When the case is tried, or when the factual issue made by such affidavit is presented on motion for summary judgment, that will be the occasion for proof if any countering what the affiant has alleged. That too will be the occasion for proof if any that the original writing was validly modified, or even novated, by subsequent oral or written agreement of the parties thereto or, perchance, by subsequent oral or written agreement of the present litigant parties. Building and construction contracts notoriously bring about subsequent alterations, modifications, and novations as the work progresses. The courts are regularly called upon to settle factual disputes which arise from mutual undertakings, real or otherwise, which are said to have come to express or implied agreement

after signature of the master contract and commencement of work thereunder. As said recently by Judge Goodrich (*Frommeyer* v. *L. & R. Construction Co.* [CCA 3], 261 F2d 879, 882 [69 ALR2d 1040]):

"No one doubts that a contract, even a written contract, may be rescinded or may be modified subsequently. Such modifications may be in writing or oral. The district court was cited to cases, which have been brought to our attention also, in which a contractor, or subcontractor, confronting new and unexpected situations has been found to have made a new contract with the promisee on terms more favorable to himself. *E.g., Swartz* v. *Lieberman* (1948), 323 Mass 109 (80 NE2d 5, 12 ALR2d 75); Annotation 12 ALR2d 78 (1950)."*

The foregoing observations are intentionally designed as demonstrative reasons why, on this motion to dismiss, the trial judge should have tested the motion solely by and from the 4 corners of the plaintiff's amended declaration, and that he should not have essayed as he did a purely colloquial trial of the sole issue so far made thereby.

In the present posture of the case we abstain from determination of the question whether plaintiff may employ the cited statute. That question should be presented after due pleading, and then either upon trial or by motion for summary judgment. Plaintiff's declaration may indeed be subject to test for certainty and definiteness under GCR 1963, 115 (see former Court Rule [1945] No 17, §§ 7 and 9†), but that question has not as yet come before the trial court. Just so long as pleaders are told *not* to state matters of evidence (see former Court Rule [1945] No 17, § 2, and GCR 1963, 111.9), the motion to dis-

---

* This is the general Michigan rule. See *Jacob* v. *Cummings,* 213 Mich 373.

† As amended. See 335 Mich lxii.—REPORTER.

miss assigning no cause alleged should be discouraged in favor of pleading and trial or, at least, pleading and motion for summary judgment. In the latter instance the showing is required by the rule to be in full detail and always at risk of having the affiant or affiants called for searching cross-examination. And it is better for the sake of dependable precedent that the facts be established with clarity before an appellate court undertakes to decide whether the plaintiff in like instance of factual uncertainty is or is not on sound legal ground. To quote Cardozo again (from *Ruediger* v. *Klink,* 346 Mich 357 at 371):

"More and more, we lawyers are awaking to a perception of the truth that what divides and distracts us in the solution of a legal problem is not so much uncertainty about the law as uncertainty about the facts—the facts which generate the law. Let the facts be known as they are, and the law will sprout from the seed and turn its branches toward the light."

In their understandable zeal to establish promptly the asserted rights of clients, lawyers are occasionally prone to forget that all worthy substantive law depends upon facts of evidentiary certainty, and that the quicksand of uncertain facts is the principal cause of bad precedent and the painful task of distinguishing cases which, sometimes, are not distinguishable. Here we do not know, nor does the trial judge know, what evidentiary facts plaintiff had or has available to support quoted paragraphs 27 and 29 of its declaration. Neither does either court know what responsive or other permissible pleadings may bring forth in the way of issues triable generally or upon motion. Until such are before the circuit court, plaintiff's declaration must be held sufficient as against defendant's said motion.

To conclude: It may not be amiss to repeat what was said in *Davis* v. *Kramer Bros. Freight Lines, Inc.,* 361 Mich 371, nor to say again that the rule-provided motion to dismiss for failure to state a cause of action cannot be tested by factual affidavit of support, or factual affidavit in opposition, or both. The attacked pleading furnishes the assayer's sole cupel. To quote *Davis* at 376, 377:

"Upon the motion to dismiss for failure to state a cause of action, all facts well-pleaded must be taken as true for the purposes of the motion. Here the declaration properly alleged the making of a contract, its breach, and damages flowing therefrom. If the facts were as plaintiffs alleged (and for the purposes of this motion we must assume that they are), plaintiffs clearly have a cause of action.

"A caveat: 'cause of action' is a tricky expression. It is not susceptible of a single, all-inclusive definition since its meaning depends upon the context in which it is used. In our context (for purpose of a motion to dismiss for failure to state a cause of action) it means merely the pleaded concurrence of facts giving rise to the obligation sought to be enforced against the defendant. The plaintiff's statement of a cause of action must not be confused with his right to judgment. Whether judgment will ever result will depend upon the proof plaintiff offers in support of the cause he asserts and upon what defenses can be established against the cause of action asserted."

Reversed and remanded for entry of order denying motion to dismiss. Costs to plaintiff.

CARR, C. J., and DETHMERS, KELLY, KAVANAGH, SOURIS, SMITH, and O'HARA, JJ., concurred.