GORSHE v WATERSMEET TOWNSHIP SCHOOL DISTRICT

Docket No. 45569. Submitted October 6, 1980, at Escanaba.—Decided November 24, 1980.

Deborah Gorshe brought a negligence action against defendants, Watersmeet Township School District and Eleanor Stevens, in Gogebic Circuit Court. Plaintiff appeals from a jury verdict of no cause of action and the judgment therein, Donald L. Munro, J., claiming that the trial court wrongfully excluded portions of the videotaped deposition testimony of her medical expert witness and that the court erred by refusing to admit, on the grounds that the testimony was self-serving hearsay, plaintiff's mother's testimony that plaintiff complained of pain. *Held:*

1. The trial court failed to comply with the court rules which require that videotaped depositions played in court must be stenographically recorded by the court reporter and that any portion of the videotaped testimony which is excluded must be retained and kept in a separate record. However, even though the court failed to comply with the court rule, the plaintiff also failed to submit the videotape and a court order specifying the hours, minutes and seconds of the deposition which were excluded. Since neither the parties nor the court complied with the court rule, there is no record for the Court of Appeals to review on this issue. The issue was not preserved for appeal.

2. The trial court erred in refusing to admit plaintiff's mother's testimony. A statement of a declarant's then-existing physical condition, such as pain, is not excluded by the hearsay rule. The error was harmless, however, since a separate record discloses that the mother never said that her daughter complained of pain.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 23 Am Jur 2d, Depositions and Discovery § 25.5.

29 Am Jur 2d, Evidence § 801.5.

Admissibility of videotape film in evidence in criminal trial. 60 ALR3d 333.

[5] 29 Am Jur 2d, Evidence §§ 439, 493, 497, 656, 737.

1. EVIDENCE — VIDEOTAPED DEPOSITIONS — COURT RULES.

 Videotaped depositions played in court must be stenographically recorded by the court reporter (GCR 1963, 315.6[1]).

2. EVIDENCE — VIDEOTAPED DEPOSITIONS — OBJECTIONS — COURT RULES.

 The General Court Rules require that where a trial court makes a ruling sustaining an objection to a portion of a videotaped deposition the objected-to portion must be stricken but retained for inclusion in a separate record (GCR 1963, 315.6[3]).

3. EVIDENCE — VIDEOTAPED DEPOSITIONS — OBJECTIONS — EXCLUSIONS — COURT RULES.

 A trial court's order striking an objected-to portion of a videotaped deposition must be in writing and it must specify the hours, minutes and seconds of the deposition which were excluded (GCR 1963, 315.6[3]).

4. APPEAL — EVIDENCE — VIDEOTAPED DEPOSITIONS — COURT RULES.

 An appellate court may give leave to view portions of a videotaped deposition upon a party's request but the party also must file a transcript of the pertinent portions of the deposition (GCR 1963, 315.9).

5. EVIDENCE — PHYSICAL CONDITION — HEARSAY — RULES OF EVIDENCE.

 A statement of a declarant's then-existing physical condition, such as pain, is not excluded by the hearsay rule even though the declarant is available as a witness (MRE 803[3]).

*Wisti & Jaaskelainen,* for plaintiff.

*Weis & Cossi, P.C.,* for defendants.

Before: J. H. GILLIS, P.J., and BASHARA and CYNAR, JJ.

PER CURIAM. Plaintiff appeals by right the jury's verdict of no cause of action in this negligence suit. She alleges that the trial court committed reversible error with regard to evidentiary questions.

Plaintiff first claims that the trial court wrongfully excluded portions of the deposition testimony

of her medical expert, Dr. Maurice Meier. Dr. Meier's deposition testimony was initially preserved by means of videotape. From the record, it appears that when the videotape was played at the trial the technician stopped the machine whenever an objection was made in order that the judge could rule thereon. Unfortunately, none of the testimony, objections or rulings were transcribed into the record.

GCR 1963, 315 is addressed specifically to the use of visual (videotaped) depositions. A review of that rule reveals that the procedure utilized in the case at bar was ineffective to preserve plaintiff's issue for review. First, GCR 1963, 315.6(1) requires that videotaped depositions played in court must be stenographically recorded by the court reporter. Because this was not done, we are unable to review the judge's rulings on the excluded evidence.

Second, subrule 315.6(3) states that when any ruling sustaining an objection is made[1] the court must order the excluded portion stricken. All excluded material must be retained and shall constitute a separate record. The order is to be in writing and it must specify the hours, minutes and seconds of the deposition which were excluded.[2] Because no order was entered specifying the excluded material and, perhaps, the basis for the rulings, we are further hampered in our ability to review plaintiff's claim; although the deposition was not transcribed into the record, review might still have been possible if plaintiff had submitted

---

[1] GCR 1963, 315.6(2) contemplates that the trial judge will preview the deposition and rule on the objections.

[2] GCR 1963, 315.3(2) states: "Every visual deposition shall be timed by means of a digital clock or clocks, which shall record hours, minutes, and seconds, which digital clock or clocks shall at all times during the taking of the deposition be in the picture."

the videotape and the order required by subrule 315.6(3). Under GCR 1963, 315.9, an appellate court may give leave to view portions of the videotape, upon a party's request, but in such cases the party must still file a transcript of pertinent portions of the deposition.

The failure of the parties[3] and the court to proceed under GCR 1963, 315 precludes our review of plaintiff's assertion regarding the material excluded from the videotaped deposition. This case illustrates the necessity for care when modern technology invades the courtroom. The drafters of the court rule anticipated many of the problems which could arise; it is now up to the bench and the bar to implement the rule. Otherwise, a procedure which is intended to better enable the jury to weigh the evidence by seeing and hearing witnesses who cannot be present in person will instead wreak havoc with regard to a party's right to full appellate review.

To remedy the failure to proceed under GCR 1963, 315, plaintiff asserts that we should review her claim of error by analyzing the attorneys' lower court arguments on the rulings. These arguments were made and transcribed on the day after the deposition was played in court and purport to set forth the essence of the excluded material and the court's reasons for excluding it (in plaintiff's attorney's words). Plaintiff also cites certain statements made by defense counsel during closing argument as reflective of the excluded testimony and the court's rulings thereon.

---

[3] We note particularly that at no time during trial did plaintiff object to the fact that the court reporter was not transcribing the deposition, objections or rulings thereon. Nor did plaintiff attempt in any way to preserve in writing the testimony which was stricken. The deposition testimony was apparently a significant part of plaintiff's case; it was thus plaintiff's duty to ensure that, if crucial portions of Dr. Meier's testimony were excluded, plaintiff could secure appellate review thereof.

In answer to plaintiff's suggestion, we say only that, in cases such as this, review of the claim that the trial court erred in excluding certain testimony of a medical expert requires that the reviewing court be able to read the stricken testimony and analyze it in light of the record presented at trial. Many times, the expert's exact choice of words is crucial to the issue. Without a transcript of the testimony which was excluded, rather than a transcript of the attorneys' versions of what the witness said, we cannot fairly judge whether the trial court erred in excluding it. Further, without the trial court's rulings (transcribed word-for-word), we cannot fairly find error or lack thereof for to do so we would be only speculating that the attorneys' verbalized impressions of such rulings were accurate without fault. As was said in another, but similar, context:

"And it is better for the sake of dependable precedent that the facts be established with clarity before an appellate court undertakes to decide whether the plaintiff in like instance of factual uncertainty is or is not on sound legal ground. To quote Cardozo again (from *Ruediger v Klink,* 346 Mich 357 at 371):

" 'More and more, we lawyers are awaking to a perception of the truth that what divides and distracts us in the solution of a legal problem is not so much uncertainty about the law as uncertainty about the facts—the facts which generate the law. Let the facts be known as they are, and the law will sprout from the seed and turn its branches toward the light.'

"In their understandable zeal to establish promptly the asserted rights of clients, lawyers are occasionally prone to forget that all worthy substantive law depends upon facts of evidentiary certainty, and that the quicksand of uncertain facts is the principal cause of bad precedent and the painful task of distinguishing cases which, sometimes, are not distinguishable." *Chatham*

*Supermarkets, Inc v Ajax Asphalt Paving, Inc,* 370 Mich 334, 340; 121 NW2d 836 (1963).

Plaintiff's second claim of error is that the trial court erred in refusing to admit plaintiff's mother's testimony that plaintiff complained of pain. Such testimony was ruled inadmissible as self-serving hearsay. The ruling was in error. Under MRE 803(3), "[a] statement of the declarant's then existing * * * physical condition (such as * * * pain * * *)" is not excluded by the hearsay rule, even though the declarant is available as a witness.

The court erred when it refused to admit the mother's testimony into evidence. Such error was harmless, however, because the separate record of the mother's testimony discloses that she never said that her daughter complained of pain. The only testimony which even approximated such a statement was Mrs. Gorshe's comment, that sometimes plaintiff said she "had a rough day".

No reversible error having been found, we affirm the lower court.

Affirmed.