POMEROY v. DYKEMA.

1. Appeal and Error—Directed Verdict.
   On appeal from judgment on directed verdict, record must be construed in light most favorable to appellant.

2. Motor Vehicles—Negligence—Contributory Negligence—Burden of Proof.
   Where, in action for death of plaintiff's decedent resulting from collision with automobile, question of decedent's contributory negligence was brought into case, burden of establishing his freedom from contributory negligence was on plaintiff.

3. Same—Absence of Proof—Directed Verdict.
   Where plaintiff failed to offer any testimony that her decedent was free from contributory negligence, although that question was in case, judgment for defendant was properly directed.

4. Same—Eyewitnesses—Presumption of Freedom from Negligence—Inferences.
   Where there was testimony of eyewitnesses as to facts and circumstances immediately surrounding accident causing death of plaintiff's decedent, from which reasonable inferences may be drawn as to whether he was exercising reasonable care, presumption that he was not guilty of contributory negligence vanishes, although no one saw the impact.

On burden of proof as to contributory negligence, in action for death, see annotation in 33 L. R. A. (N. S.) 1230.

5. Same—Pedestrians—Contributory Negligence.
  Pedestrian about to cross street from west side is bound to be
    mindful that lawful course of south-bound vehicles is on
    westerly side.

6. Same—Contributory Negligence—Directed Verdict.
  Pedestrian who walked into side of automobile and was killed
    as automobile was proceeding south on right-hand side of
    street after coming around truck parked on west side, was
    guilty of negligence which caused or at least contributed to
    accident, justifying directed verdict in favor of driver.

Appeal from Muskegon; Vanderwerp (John), J.
Submitted October 16, 1931. (Docket No. 125, Calendar No. 36,002.) Decided December 8, 1931.

Case by Alice Pomeroy, administratrix of the estate of June Pomeroy, deceased, against Cornelius O. Dykema for personal injuries resulting in the death of plaintiff's decedent. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Galpin, Smedley & Dunn,* for plaintiff.

*Amos F. Paley,* for defendant.

North, J. At the close of plaintiff's proofs in this automobile accident case, the court directed a verdict in defendant's favor. Plaintiff has appealed. The sole question presented is whether direction of the verdict was error. Under such circumstances, the record must be construed in the light most favorable to appellant.

About 5:30 in the afternoon of April 19, 1929, defendant was driving his Studebaker coupé in a southerly direction on U. S. 31 in the city of North Muskegon in the block next south of Ruddiman avenue. The paved highway was 20 feet in width exclusive of

the gutters at the side, the total width being substantially 32 feet. A truck delivering merchandise to a store on the westerly side was backed against the curb and extended in a northeasterly direction practically to the center line of the street. As defendant approached the truck he was compelled to drive on the easterly side of the center line of the street. After passing the truck he turned his car back towards the westerly side of the street and just at this point he struck plaintiff's decedent, June Pomeroy, who obviously was attempting to cross from the westerly curb to his place of business on the opposite side of the street. He received fatal injuries. Defendant was driving about 25 miles per hour and going down something of a grade. He was not sworn as a witness, but it appears from the testimony of plaintiff's witnesses that defendant said he did not know that his automobile had struck anybody until he was told so shortly thereafter by a priest who seems to have been riding with him. Defendant thereupon stopped his automobile and returned to the point of accident. So far as the record discloses no one saw the impact between defendant's car and plaintiff's decedent; but there is testimony from plaintiff's witnesses that two days after the accident defendant showed them the side of the car "where he, Pomeroy, hit the handle of the door and cracked it." The door handle was cracked. There was a mark across the side of the car almost the full length of the door in line with the handle. One of these witnesses at the time was on the easterly side of the street directly opposite the point of accident. He was engaged in servicing a car at a filling station. Only an instant before he had seen plaintiff's decedent at the curb line on the opposite side of the street. This witness testified: "I didn't actually

see the car and June as they came together; the car was between me and him. When I saw the car going down the hill it was on the right-hand side of U. S. 31.'' At that time plaintiff's decedent was lying on the cement roadway near the westerly curb.

Defendant's motion for a directed verdict was based both upon the ground that there was no testimony tending to establish actionable negligence on the part of defendant, and that plaintiff failed to offer any testimony tending to show her decedent was free from contributory negligence. The court granted the motion upon the latter ground. In this we think the court was correct. The question of contributory negligence having been brought into the case, the burden of establishing that her decedent was free from contributory negligence was upon plaintiff. It is the claim of plaintiff that, since there were no eyewitnesses to the actual impact between decedent and defendant's car, he is presumed not to have been guilty of contributory negligence. We think plaintiff cannot claim the benefit of such a presumption under the record made in this case. There is proof by eyewitnesses of the facts and circumstances immediately surrounding the accident, and from such proof fair and reasonable inferences may be drawn as to whether or not plaintiff's decedent did exercise reasonable care in attempting to cross this street. Under such circumstances the presumption in his favor ceases. *Richardson* v. *Williams,* 249 Mich. 350; *Elrich* v. *Schwaderer,* 251 Mich. 33. This accident happened in daylight hours. It was raining at the time. Careful consideration of the record convinces us that plaintiff's decedent attempted to cross the street and in passing opposite the parked truck he walked or ran into the side of

defendant's car and in so doing he was guilty of contributory negligence.

In support of her contention that the record presents an issue of fact for the jury, appellant in her reply brief states: "The facts are that the deceased was hit on the leg by the running board as the car swerved toward him, the front of the car just missing him. The force of the running board striking him such a blow threw his head forward so he struck the car door handle." This theory of appellant is not tenable under the record, because there is no evidence that defendant's car "swerved towards" plaintiff's decedent. At the point of accident defendant, after having passed ·the parked truck, was approaching the westerly side of the highway. It was his right and duty to drive on the westerly side; and plaintiff's decedent in attempting to cross was bound to be mindful that such was the lawful course of passing vehicles. It conclusively appears that when the accident happened defendant was driving on his right-hand side of the thoroughfare, and that plaintiff's decedent was guilty of negligence which caused or at least contributed to his injury. The judgment of the circuit court is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.