KINSLER *v.* SIMPSON.

1. MOTOR VEHICLES—NEGLIGENCE—BACKING ACROSS SIDEWALK WITH-
OUT GIVING WARNING—DEATH.

Finding of trial court that automobile driver, causing death of
17-month old girl, was negligent, was justified, where evidence
showed that, although he knew there were many children in
neighborhood, he backed his car across sidewalk without giving
any warning or ascertaining whether any pedestrians might
be injured thereby.

2. SAME—WARNING PEDESTRIANS.

Failure to give warning prior to backing automobile across side-
walk is at least evidence of negligence.

3. DAMAGES—DEATH—SURVIVAL ACT—EXCESSIVE DAMAGES.

There being no fixed standard by which amount of damages for
wrongful killing of young child may be determined to nicety,
award of trial court will not be disturbed, on appeal, if rea-
sonably within range of testimony.

4. SAME—DEATH—INFANTS—EXCESSIVE DAMAGES.

Verdict of $3,000, in action under survival act, for negligent
killing of 17-month old girl, *held,* not excessive.

Appeal from Wayne; Chenot (James E.), J. Sub-
mitted October 29, 1931. (Docket No. 145, Calendar
No. 36,001.) Decided January 4, 1932.

Case by Joseph Kinsler, administrator of the
estate of Helen Kinsler, deceased, against Thomas
Simpson, Sr., and another under the survival act for
personal injuries resulting in the death of plaintiff's
decedent. Judgment for plaintiff. Defendants ap-
peal. Affirmed.

*Dohany & Dohany,* for plaintiff.

*Frederick J. Ward,* for defendant Thomas Simpson, Sr.

*Robert E. Plunkett,* for defendant Thomas Simpson, Jr.

North, J. This is a suit under the survival act (3 Comp. Laws 1929, § 14040) brought to recover damages incident to the death of plaintiff's daughter. He obtained a judgment for $3,000. Defendants have appealed and urge two grounds for reversal. First, that no negligence for which defendants are responsible was established, and, second, that the damages awarded were excessive.

The defendants are father and son; the former the owner, and the latter the operator, of the automobile which caused the death of plaintiff's decedent. About eight o'clock in the evening of August 1, 1928, Thomas Simpson, Jr., hereinafter referred to as the defendant, was backing his father's Nash sedan from the garage to the street on which their home fronted. The private driveway extended in a southerly direction, and was somewhat downgrade as it approached the sidewalk. At the westerly side of the driveway there was a hedge. The automobile was rolling or coasting, and the driver was looking out of the window to his left to see that he did not go too close to the hedge. Just as the automobile neared the sidewalk, plaintiff's decedent, Helen Kinsler, a 17-month old girl, came along the walk in a westerly direction, passed behind the automobile just in time to be caught by the westerly rear wheel, was run over, and killed. Defendant, thinking the rear wheel of his car had struck a stone which was adjacent to the driveway, moved the car forward a few feet; and he was then advised of the

accident by an eyewitness. The child lived not more than 20 minutes, and apparently did not regain consciousness during that time.

As bearing upon appellants' contention that this record does not contain testimony which sustains the finding of negligence, these further facts are pertinent: It is a fair inference that defendant gave no warning of the approach of the automobile to the sidewalk. His machine was moving backwards at a rate of from three to ten miles per hour. While another young man occupied the front seat with the driver, no attempt seems to have been made to have him also keep a lookout on his side of the auto for pedestrians on the sidewalk approaching the driveway. All parties concerned live in the same neighborhood, it is a residential community, and quite a number of small children reside in the locality. The defendant testified he had lived there a year or two, was thoroughly familiar with the surroundings, and "knew there were a great number of children upon the sidewalk in that locality." These and other circumstances surrounding this accident were ample to justify the conclusion that the operator of this automobile was guilty of negligence in attempting to back across the sidewalk without giving warning of its approach or in any way ascertaining whether pedestrians passing along the sidewalk might be injured, especially children of tender years. For a case arising under somewhat similar circumstances, except the injured person was an adult, see *Hight* v. *Casanas,* 6 La. App. 30.

"But the general rule is that the failure to give warning prior to backing an automobile to persons who may be affected by the maneuver is at least evidence of negligence." 1 Blashfield, Cyc. of Automobile Law, p. 532, citing cases.

"Where one, in backing his car out of private premises, comes into collision with a car on the street, the question of his negligence is usually for the jury or for the trial judge as trier of the facts." 4 Blashfield, Cyc. of Automobile Law, p. 63.

"One backing a machine from a garage to the street should exercise reasonable diligence to give a warning of his approach or to ascertain the danger to which other travelers are exposed." Huddy on Automobiles (6th Ed.), § 440.

See, also, *Tuttle* v. *Briscoe Manfg. Co.*, 190 Mich. 22 (12 N. C. C. A. 909); *Ottaway* v. *Gutman*, 207 Mich. 393.

In considering appellants' claim that the damages are excessive, we must be mindful of the fact that there is no fixed standard by which the amount of damages in this type of a case can be determined to a nicety. The testimony covers the usual field relative to the health of plaintiff's decedent during her short life, the age and health of her parents, brothers and sisters, grandparents, etc. Also the station in life of the family is disclosed, including the occupation of the child's father. See *Black* v. *Railroad Co.*, 146 Mich. 568; *Sadlowski* v. *Meeron*, 240 Mich. 306, 243 Mich. 602. If reasonably within the range of the testimony, the determination of the trial judge as to the amount of damages to be awarded will not be disturbed, on appeal. We find nothing in this record which would justify us in holding that the damages awarded are excessive.

Judgment is affirmed, with costs to appellee.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.