## In re ESTATE OF MILLER.

### CLAIM OF McLAIN.

1. AUTOMOBILES—BACKING CAR UPON A STREET—CARE REQUIRED OF OPERATOR.

   The backing of an automobile upon the streets or highways is not forbidden by law, but a driver who does back his car upon a street must exercise ordinary care in doing it so as

---

For requirement that actor have, or should have, knowledge of the risk of causing invasion to the interest of another, see 2 Restatement, Torts, § 284 and comment a; § 289 and comment j.

not to injure others by the operation by ascertaining whether others are in the vicinity who may be injured and he must look backward, not only when he commences his operation, but continuously in order that he may not collide with or injure those lawfully using the street or highway.

2. Same—Backing Car Upon a Street—Signals—Negligence—Evidence.

Generally, the failure to give warning prior to backing an automobile on a street is at least evidence of negligence on part of the operator.

3. Same—Backing Car Upon a Street—Warning Signals.

Whether or not it is actionable negligence to back a car without a signal to other users of the street depends upon whether there are other users to be warned.

4. Same—Negligence—Evidence—Mailman—Backing Car Upon a Street—Minors.

In action by administrator of estate of minor who was fatally injured when defendant's decedent, a substitute mail carrier, backed his car up on a street in a residential area, where evidence shows there were no other cars on the street and that one of the nearby residents called to two children to stop hanging onto the bumper of the mailman's car but it does not appear that he either saw the children or knew there were any thereabouts, or that he heard the warning to the children, there was an insufficient showing of negligence on part of defendant's decedent to merit recovery by plaintiff whose decedent was a third child whom even the resident who had warned the other two children had not seen near the car.

5. Appeal and Error—Directed Verdict—Evidence.

On appeal from order granting motion for directed verdict for plaintiff, the Supreme Court considers the testimony in the light most favorable to plaintiff.

6. Negligence—Accident—Resulting Injury—Other Circumstances.

Proof of an accident and resulting injury is not alone sufficient to establish a defendant's liability therefor, but the fact that the accident happened may be considered along with proof of the other circumstances to determine whether negligence existed.

7. Same—Circumstantial Evidence.

Negligence may be proved by circumstantial evidence.

8. SAME—EVIDENCE—INFERENCES.

To hold a defendant liable for injuries inflicted as a result of negligence there must be substantial evidence which forms a reasonable basis for the inference of negligence, more than a mere possibility that unreasonable conduct of the defendant caused the injury.

9. SAME—INFERENCES—CONJECTURE.

Although legitimate inferences as to negligence of parties may be drawn from established facts, the jury may not be permitted to guess.

10. EVIDENCE—PRESUMPTIONS—DEFINITION.

Presumptions are merely prima facie precepts and are inferences from the existence or nonexistence of facts.

11. SAME—PRESUMPTIONS—INTRODUCTION OF EVIDENCE.

Presumptions disappear if, and when, evidence is introduced from which facts may be found and cannot be weighed against evidence.

12. NEGLIGENCE—PRESUMPTIONS—ACCIDENT.

Negligence is not presumed but must be proved and the mere happening of an accident raises no presumption of negligence.

13. TRIAL—SUFFICIENCY OF EVIDENCE.

If plaintiff, due to lack of proof, does not make out his case, the court should so hold.

14. EVIDENCE—CLAIM.

A mere claim cannot stand in place of evidence and operate as proof and things not made to appear must be taken as not existing.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted January 6, 1942. (Docket No. 21, Calendar No. 41,768.)   Decided March 17, 1942.

In the matter of the estate of Sherman Miller, deceased. Grant McLain, administrator of the estate of Earl McLain, deceased, filed his claim for damages for personal injuries causing death of his decedent. From allowance of claim, the estate of Miller appealed to the circuit court. Directed verdict and judgment for estate of Miller. Claimant appeals. Affirmed.

*George H. Cross* and *Robert A. Carr,* for appellant.

*Clifford A. Mitts, Jr.,* for appellee.

SHARPE, J. This is an appeal from a claim filed in the probate court to recover damages incident to the death of Earl McLain who was fatally injured by an automobile driven by Sherman Miller.

The material facts are not in dispute. On November 1, 1938, Sherman Miller was delivering mail on Kinsey street, just outside of the city limits of Muskegon. The street runs north and south and is unpaved, but has a cinder driveway down the center of the street. The McLain residence is located on the west side of the street; adjoining the McLain lot on the south is the Johnson property. On the east side of the street and directly opposite the McLain residence is the Jones residence. In front of each residence and along the border of the street is located a mail box which, under requirements of the post office department, is so located that the mail carrier can drive up to the box and make delivery without getting out of his car. About 1 o'clock on the day in question, Sherman Miller, a substitute mail carrier, was delivering mail on this street. He deposited some mail in the Jones' mail box. At this time two small children were hanging onto the right rear bumper of Miller's car. Miller then drove diagonally across the street to the Johnson's mail box, a distance of about 42 feet. The children continued to hang onto the bumper. Miller put mail into the Johnson's mail box by lowering the window in his car. About this time, Mrs. Johnson opened her front door and called to the children to get away from the car. After depositing the Johnson mail, Miller slowly backed his car diagonally toward the

northeast. The children continued to hang onto the bumper and ran backwards until the car had gone about one car's length, then they ran towards the McLain house. As the car was backing up, Mrs. Johnson went from her house to get her mail, a distance of about 36 feet, and as she reached the mail box she heard a noise or groan. She saw the McLain child for the first time; he was between the two front wheels of the Miller car. The boy was under the car, near the left front wheel, and was crawling out. At this time, the car was not in motion and was about one and a half car-lengths from the Johnson mail box. It was standing with the right front wheel about in the center of the road with most of the car on the east side of the road. The boy was taken to the hospital and died within a short time.

Subsequent to the time of the accident, Sherman Miller died and an administrator of his estate was appointed by the probate court of Muskegon county. On December 14, 1939, Grant McLain, as administrator of the estate of Earl McLain, filed a claim for damages arising out of the death of Earl McLain against the estate of Sherman Miller. This claim was based upon the negligence of Miller in the operation of his car at the time and place in question. From an allowance in favor of the Earl McLain estate in the probate court the cause was appealed to the circuit court. At the close of plaintiff's case, defendant made a motion for a directed verdict upon the grounds that plaintiff had failed to establish defendant's negligence and that there was no proof of damages. The trial court granted defendant's motion and directed a verdict of no cause of action. A motion for a new trial was filed by plaintiff and on hearing of the motion, the same was denied by the court.

In directing the verdict the trial court stated as follows:

"In this case the duty is upon the plaintiff, not only to prove that there was an accident and the boy injured, the duty, the burden is upon the plaintiff to prove that the defendant was guilty of negligence. Not only that, the duty is upon the plaintiff to prove that the negligence of the defendant was the proximate cause of the boy's injuries. * * *

"There is no evidence placing this boy that was injured in a position where the driver should see him."

Plaintiff appeals and contends that the driver of the car was negligent in backing his automobile without sounding the horn and without making reasonable observations to discover if there were any children at the rear or near his automobile at the time he was about to back up.

In *Jenkins* v. *Bentley*, 277 Mich. 81, 84, we said:

"We concur in the language of the court in *Taulborg* v. *Andresen*, 119 Neb. 273, 280 (228 N. W. 528, 67 A. L. R. 642):

" 'The law does not forbid the backing of an automobile upon the streets or highways, and to do so does not constitute negligence, but the driver of an automobile must exercise ordinary care in backing his machine, so as not to injure others by the operation, and his duty requires that he adopt sufficient means to ascertain whether others are in the vicinity who may be injured. * * * And he must not only look backward when he commences his operation, but he must continue to look backward in order that he may not collide with or injure those lawfully using such street or highway (citing authorities).' "

See, also, *Guscinski* v. *Kenzie*, 282 Mich. 204; annotations in 67 A. L. R. 647 and 118 A. L. R. 242; 3-4 Huddy, Cyclopedia Automobile Law (9th Ed.),

p. 218, § 133; 2 Blashfield, Cyclopedia of Automobile Law & Practice (Perm. Ed.), p. 272, § 1101 *et seq.*

The sole question in this case may be stated as follows: Was there any competent evidence of the negligence of Sherman Miller that should have been submitted to a jury?

In the case at bar, there was no testimony as to what, if any, observations Miller made to the rear of his car by looking out of the window or otherwise, nor is there any testimony that Miller knew that children were hanging on the right rear bumper of the car. There is no evidence as to where the injured child was just prior to the accident. The record does show that there were neither cars nor children, except the three children heretofore mentioned, in the street.

The general rule regarding signaling is stated in 2 Blashfield, Cyclopedia of Automobile Law & Practice (Perm. Ed.), p. 277, § 1103, as follows:

"Inasmuch as the duty of care imposed on persons backing automobiles into or upon public streets includes a duty of signaling independently of or additionally or alternatively to the duty of maintaining a lookout, the general rule is that failure to give warning prior to backing an automobile is at least evidence of negligence."

See *Kinsler* v. *Simpson*, 257 Mich. 7, 9.

In *Wallis* v. *Cox*, 286 Mich. 76, we said:

"Whether it is actionable negligence to back a car without a signal to other users of the street depends upon whether there are other users to be warned."

The issue is thus narrowed down to an inquiry of whether the facts and circumstances in this case put Miller upon notice that children were or might be in the street. The place was a highway in a somewhat

residential location. There were no cars in the street and no evidence that Miller knew of any children in the vicinity of his car. There is, however, the testimony of Mrs. Johnson who warned two of the children to get away from the car. In our opinion, the warning of Mrs. Johnson to the two children was not sufficient notice to Miller that children were in the vicinity of the car. Mrs. Johnson was in a position where she could see the two children at the rear of the car; Miller was not in such a position. There is no evidence that Miller or the children heard Mrs. Johnson's warning and it is established that even Mrs. Johnson did not see the injured child until after the car had ceased to back.

The rules to be applied in this class of cases are well stated in *Poundstone* v. *Niles Creamery,* 293 Mich. 455, 459, where we said:

"In reviewing the case, we consider the testimony in the light most favorable to plaintiff, the party against whom it is claimed the judgment should not have been entered. *Pomeroy* v. *Dykema,* 256 Mich. 100; *Warwick* v. *Blackney,* 272 Mich. 231. Proof of an accident and resulting injury is not alone sufficient to establish defendant's responsibility, but the fact that an accident happened may be considered along with proof of the other circumstances to determine whether negligence existed. *Manley* v. *Potts,* 286 Mich. 671, and cases there cited. See, also, *Elsey* v. *J. L. Hudson Co.,* 189 Mich. 135 (L. R. A. 1916B, 1284). Negligence may be proved by circumstantial evidence. *Wilkins* v. *Bradford,* 247 Mich. 157. There must be substantial evidence which forms a reasonable basis for the inference of negligence. *Frye* v. *City of Detroit,* 256 Mich. 466. There must be more than a mere possibility that unreasonable conduct of the defendant caused the injury. We cannot permit the jury to guess, al-

though legitimate inferences may be drawn from established facts. *Heppenstall Steel Co.* v. *Railway Co.,* 242 Mich. 464.''

In the case at bar, there is proof of an accident, but there is a lack of proof that Miller saw any of the three children. Nor were there circumstances that should have warned him of children playing near the car.

In *Michigan Aero Club* v. *Shelley,* 283 Mich. 401, we said:

''Presumptions are frequently misapplied. They are merely *prima facie* precepts. * * * They are inferences from the existence or nonexistence of facts. * * * They disappear if, and when, evidence is introduced from which facts may be found, * * * and cannot be weighed against evidence. * * * Negligence is not presumed but must be proved. * * * The mere happening of an accident raises no presumption of negligence.* * *

''If plaintiff, due to lack of proof, does not make out his case, the court should so hold. * * * A mere claim cannot stand in the place of evidence and operate as proof. * * * Things not made to appear must be taken as not existing. * * * Plaintiff's case must be established by the evidence. The court may not guess in default of evidence.''

The failure of plaintiff to establish negligence upon the part of Miller precludes recovery; and the judgment of the trial court is affirmed, with costs to defendant.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, and BUSHNELL, JJ., concurred. WIEST, J., did not sit.