BONIN *v.* GRALEWICZ.

OPINION OF THE COURT.

1. NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.
   The question of negligence is for the jury if there is evidence of
   negligence or evidence from which negligence may be inferred.

2. AUTOMOBILES—NEGLIGENCE—EVIDENCE—DIRECTED VERDICT.
   . Evidence presented in action by guardian of defendant's grand-
   daughter for injuries she received as defendant started to back
   car out of garage without blowing his horn *held,* to show no
   evidence of negligence on his part or from which negligence
   could be inferred, even when viewed in light most favorable
   to plaintiff on appeal from order granting motion for directed
   verdict.

DISSENTING OPINION.

T. G. KAVANAGH, J.

3. SAME—NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.
   *Negligence may be inferred from undisputed evidence that de-*
   *fendant driver gave no warning before backing up his car*
   *which passed over his 2-year-old granddaughter who was in the*
   *company of her 4-year-old brother at the rear of the car, un-*
   *beknownst to defendant until he felt a little bump and the boy*
   *. hollered, it being a jury question as to whether negligence*
   *should be inferred.*

Appeal from Presque Isle; Glennie (Philip J.), J.
Submitted Division 3 May 14, 1965, at Detroit.
(Docket No. 249.)   Decided September 20, 1965.
Leave to appeal granted by Supreme Court Novem-
ber 22, 1965.

REFERENCES FOR POINTS IN HEADNOTES
[1]  38 Am Jur, Negligence § 344.
[2, 3]  38 Am Jur, Negligence § 344 *et seq.*
    8 Am Jur 2d, Automobiles and Highway Traffic § 789 *et seq.*

Complaint by Wallace Bonin, individually and as guardian for Julie Ann Bonin, a minor, against Anthony Gralewicz for injuries sustained when she was struck by a car driven by defendant. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Goodman, Crockett, Eden, Robb & Philo* (*Richard Goodman* and *Dominick R. Carnovale,* of counsel), for plaintiff.

*Smith, Brooker & Harvey* (*Carl H. Smith, Jr.,* of counsel), for defendant.

QUINN, P. J. Julie Ann Bonin is the granddaughter of defendant. She, her father, mother, two brothers, and two sisters lived upstairs in the farm home of defendant near Posen, Michigan. November 8, 1960, an accident occurred in which Julie was severely injured about the head. At that time, she was two and her brother Kenneth was four. Plaintiff brought suit individually, as father of Julie, and also as her guardian. The case was tried before Honorable Philip J. Glennie and a jury and resulted in a directed verdict of no cause for action.

Viewed in the light most favorable to plaintiff, the record discloses the following facts:

After breakfast on November 8, 1960, defendant and Julie's mother were going to vote; Kenneth and Julie were going with them. Preparatory to the trip, defendant went to the garage to start the car so it would warm up. The garage was about 50 feet from the house. The children remained in the house with their mother during this time. After starting the car, defendant returned to the house; Julie, Kenneth and the mother were still in the kitchen. Defendant told them to hurry up and get dressed and the mother and two children went upstairs to dress;

the children had to put on their outdoor clothes. Defendant left the house as the mother and children went upstairs. He went directly to the garage, entered the car, looked in the rear-view mirror and started to back up without blowing the horn. He felt a little bump, heard Kenneth holler and stopped. He had traveled 3 feet. Julie was headfirst under the left rear of the car. After Mrs. Bonin had dressed the children for outdoors, she told them to wait downstairs for her.

Plaintiff contends that under the doctrines of *Detroit & M. R. Co.* v. *Van Steinburg* (1868), 17 Mich 99; *Hopkins* v. *Lake* (1957), 348 Mich 382; *McCullough* v. *Ward Trucking Company* (1962), 368 Mich 108, defendant's failure to warn presented a fact question for jury determination of negligence or lack thereof, and that it was error to direct a verdict. The law is clear that if there is evidence of negligence or evidence from which negligence may be inferred, the question of negligence or lack thereof is for the jury and to direct a verdict is to err. Defendant did not know the children were behind him when he started to back, and on this record, there is no reason to hold he should have known they were behind him. When last seen by defendant, these children, two and four years of age, were with their mother on their way upstairs to finish dressing for the trip to the polls. *Lake* and *McCullough, supra,* have no application here. There was no evidence of negligence nor evidence from which negligence could be inferred.

The trial court is affirmed, with costs to appellee.

FITZGERALD, J., concurred with QUINN, P. J.

T. G. KAVANAGH, J. (*dissenting*). I believe the trial court erred in directing a verdict for the defendant.

Negligence may be inferred from undisputed evidence that the driver gave no warning before backing up. *Hopkins* v. *Lake* (1957), 348 Mich 382; *Lovel* v. *Squirt Bottling Co. of Waconia* (1951), 234 Minn 333 (48 NW2d 525), 2 Blashfield, Cyclopedia of Automobile Law and Practice, § 1101 *et seq.*

Whether it *should* be inferred from this evidence is for the jury to determine. See *Carver* v. *Detroit & Saline Plank Road Co.* (1886), 61 Mich 584 and cases cited therein at p 593; *Kaminski* v. *Grand Trunk W. R. Co.* (1956), 347 Mich 417; *Kinsler* v. *Simpson* (1932), 257 Mich 7; *McCullough* v. *Ward Trucking Company* (1962), 368 Mich 108.

For this reason I believe the judgment should be reversed and a new trial ordered.