BONIN v. GRALEWICZ.

DECISION OF THE COURT.

1. AUTOMOBILES—BACKING—MINORS.
   Judgment for defendant motorist in action for injuries to 2-year-
   old granddaughter, sustained when he backed over her while
   emerging from garage, is reversed.

SEPARATE OPINION.
T. M. KAVANAGH, C. J., and DETHMERS, SOURIS, and ADAMS, JJ.

2. AUTOMOBILES—BACKING—OBSERVATION—CHILDREN.
   *Common-law standards of care require reasonable observation by
   a person backing a motor vehicle, especially where the motorist
   knows, or should know, that children are likely to be affected
   by such backing.*

3. SAME—NEGLIGENCE—CHILDREN—BACKING—QUESTION FOR JURY.
   *Grant of directed verdict in action for injuries to infant plaintiff
   caused when defendant struck the child while backing his car
   in his driveway, on ground that proofs were insufficient to
   establish defendant owed any duty of due care to the infant
   for the reason that the evidence failed to disclose that de-
   fendant knew, or should have known that the children were,
   or would be, within the zone of danger, held, improper, as
   the jury should have been allowed to decide the fact issue
   of foreseeability of harm to the children.*

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 7] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 451, 452.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 789 *et seq.*
[4] 38 Am Jur, Negligence §§ 24, 74, 76.
[5] 38 Am Jur, Negligence § 344 *et seq.*
[6] 7 Am Jur 2d, Automobiles and Highway Traffic § 429 *et seq.*
[8] 53 Am Jur, Trial § 332 *et seq.*
[9] 5 Am Jur 2d, Appeal and Error § 886.
[10, 12] 38 Am Jur, Negligence § 6.
[11] 38 Am Jur, Negligence § 333.
[13] 38 Am Jur, Negligence § 61.

4. Negligence — Duty — Foreseeability of Risk — Question for Jury.

*The reasonableness of the defendant's conduct with respect to the foreseeability of a particular risk, and the normal character of an intervening cause, are questions for the jury, subject to proper instructions, where there might be a reasonable difference of opinion as to such matters from the facts adduced.*

5. Same—Question of Duty—Issue of Law.

*The determination of any question of duty, whether defendant stands in such a relation to the plaintiff that the law will impose upon him any obligation of reasonable conduct for the benefit of the plaintiff is an issue of law for the court.*

6. Automobiles—Backing—Negligence—Foreseeability of Risk of Harm to Others.

*Determination by trial judge, in action for injuries to infant plaintiff when struck by defendant's car in his driveway, that defendant owed no duty to the children because he was not put on notice that there were children in the area of danger held, reversible error, where record discloses sufficient evidence to require submission to the jury of the additional fact issue of defendant's breach of duty, if the jury with proper instructions as to the defendant's legal duty of due care, had found for the plaintiff on the fact issue of defendant's knowledge of the foreseeability of risk of harm to others.*

Dissenting Opinion.
Kelly and O'Hara, JJ.

7. Automobiles—Directed Verdict—Negligence—Backing Car in Driveway—Presence of Children.

*Direction of verdict at conclusion of proofs for defendant, in suit by infant plaintiff to recover for injuries received when she was run over by defendant while he was backing his car in his driveway, on the ground that the evidence showed that defendant was not put on notice that there were any children in the area of danger, and that there was no evidence proving unreasonable conduct on the part of the defendant that caused the injury, held, supported by the record.*

8. Trial—Evidence—Directed Verdict.

*It is the duty of the trial judge on request, before submitting the case to the jury, to decide, as a preliminary question of law, whether there is any evidence on which the jury could properly*

*find a verdict for the party on whom the burden of proof lies; and, if there is not, to withdraw the case from the jury.*

9. APPEAL AND ERROR—DIRECTED VERDICT—TESTIMONY.
   *The testimony is viewed in the light most favorable to plaintiff, the party against whom it is claimed the verdict should not have been directed, on appeal from an order directing a verdict for defendant.*

10. NEGLIGENCE—ACCIDENT—PROOF OF OTHER CIRCUMSTANCES.
    *Proof of an accident and resulting injuries is not alone sufficient to establish defendant's responsibility, but the fact that an accident happened may be considered along with proof of the other circumstances to determine whether negligence existed.*

11. SAME—PROOF—CIRCUMSTANTIAL EVIDENCE.
    *Negligence may be proved by circumstantial evidence.*

12. SAME—ACCIDENT—PRESUMPTION OF NEGLIGENCE.
    *The mere happening of an accident raises no presumption of negligence.*

13. SAME—PROXIMATE CAUSE.
    *There must be a more than mere possibility that unreasonable conduct of defendant caused plaintiff's injury in order to impose liability for a negligent injury.*

Appeal from Court of Appeals, Division 3; Quinn, P. J., Fitzgerald and T. G. Kavanagh, JJ., affirming Presque Isle, Glennie (Philip J.), J. Submitted June 8, 1966. (Calendar No. 2, Docket No. 51,331.) Decided December 6, 1966.

1 Mich App 362, reversed.

Complaint by Wallace Bonin, individually and as guardian for Julie Ann Bonin, a minor, against Anthony Gralewicz for injuries sustained when she was struck by a car driven by defendant. Verdict and judgment for defendant in trial court. Judgment affirmed by Court of Appeals. Plaintiff appeals. Reversed. Judgment of trial court reversed.

*Goodman, Crockett, Eden, Robb & Philo (Richard M. Goodman* and *Dominick R. Carnovale,* of counsel), for plaintiff.

*Smith, Brooker, Harvey & Cook (Carl H. Smith, Jr.* of counsel), for defendant.

Souris, J. This is an appeal from a directed verdict of no cause of action in an automobile negligence case. The Court of Appeals, by divided vote, affirmed. 1 Mich App 362.

Action was brought to recover damages arising from the defendant's alleged negligence in causing his automobile to strike his two-year-old granddaughter as he backed it out of its garage. The evidence, on view favorable to plaintiff, discloses that defendant, 76 years of age, while in the farmhouse he shared with his daughter and her family, told his daughter to dress and to put outdoor clothes on his granddaughter and his four-year-old grandson and that she proceeded immediately to do so; that all planned to drive to town with him in his car; that he walked about 50 feet from the house to the garage inside which his car was parked, its engine having been started earlier to warm up; that he entered the car, looked in the rear-view and side-view mirrors, immediately put the car into backward motion and, after traveling no more than 3 or 4 feet, struck his granddaughter, causing the injuries for which damages are sought in this action.

In directing the verdict of no cause, the circuit judge stated that "the defendant was not put on notice that there were any children there [in back of the car parked in the garage] at all." We may presume therefrom that the circuit judge had in mind such cases as *Kinsler* v. *Simpson* (1932), 257 Mich 7, and *Hopkins* v. *Lake* (1957), 348 Mich 382,

in which the pertinent law of Michigan was stated
in the latter case to be that:

"Common-law standards of care require reason-
able observation by a person backing a motor
vehicle, and this is especially true where the person
knows, or should know, that children are likely to be
affected by such backing." 348 Mich 382, 389, 398.

As we read the circuit judge's opinion granting
defendant's motion for a directed verdict, he held
as a matter of law that the proofs were insufficient
to establish that defendant owed any duty of due
care to the infant granddaughter his car injured and
that his reason for so holding was that the evidence
failed to disclose that defendant knew, or should
have foreseen, that the children were, or would be,
within the zone of danger.

We are not prepared to conclude as a matter of
law, as did the circuit judge, that the jury could
not properly have found that the defendant knew,
or should have foreseen, that the children were likely
to be in the zone of danger created by his act of
backing the car out of its garage.

Defendant testified that when he left the house
to back the car out of its garage, the children were
still in the house and their mother had not yet put
their outdoor garments on them. He also testified
that it usually took him only one minute or, if he
walked slowly, two minutes, to walk the 50 feet from
the house to the garage and that, on the day of the
accident, he started backing the car as soon as he
entered it and had looked in the rear-view and side-
view mirrors, the car's engine having been started
and the garage door behind the car having been
opened earlier in the morning. From this testimony
the jury would have been justified in finding that
defendant did not know, and should not be held
to have foreseen, that the children would be behind

his car so soon after his having left them in the house. On the other hand, it would have been equally within the jury's province to have found that defendant should have known that the children could have been dressed and could have run out of the house and into the zone of danger behind the car during the two minutes it usually took the aged defendant to cover the same distance walking slowly and the additional time it must have taken him to enter the car, make his ineffectual observations through his rear- and side-view mirrors, and put the car in backward motion.

The jury should have been allowed to decide that fact issue of foreseeability of harm to the children, *Palsgraf* v. *Long Island R. Co.* (1928), 248 NY 339, 345 (162 NE 99, 59 ALR 1253), and it should have been instructed that, if it found that defendant had or should have had such knowledge, the law imposes upon the defendant a duty owed to the children to exercise such care and diligence as a reasonably prudent person in similar circumstances would consider reasonably necessary for the safety of the children. What we say here is nothing more than that it was for the circuit judge to say that, if the jury found that as a matter of fact a reasonably prudent person should have foreseen the presence of the children in the zone of danger, then, as a matter of law the defendant owed to the injured child a duty of due care. If such duty arose, it then would become the jury's task to determine, as a matter of fact, whether the defendant's conduct measured up to the duty of care imposed upon him by the law. Usually, in negligence cases, whether a duty is owed by the defendant to the plaintiff does not require resolution of fact issues. However, in some cases, as in this one, fact issues arise. When they do, they must be submitted to

the jury, our traditional finders of fact, for ultimate resolution and they must be accompanied by an appropriate conditional instruction regarding defendant's duty, conditioned upon the jury's resolution of the fact dispute.*

Instead of submitting the foreseeability of risk of harm issue of fact for jury determination, the cir-

---

\* Harper and James discuss the functions of judge and jury in such cases this way:

"The jury usually decides what conduct reasonable care would call for in the case before them, and also what was the conduct of the parties. But it is often said that the court decides whether the defendant owed to plaintiff any duty to use due care at all, and in one sense this is true. The court decides whether a manufacturer's liability is to be limited by privity of contract or extended to the full range of what may be foreseen; or whether likelihood of trespassing raises a duty of care towards the trespasser; or whether the duty to take a specific precaution is circumscribed by the specific dangers that called for the precaution, or extends to unforeseeable hazards. Yet the general rule has too often been stated without enough critical appraisal. The duty issue, like any other, can be broken down into (a) rules and (b) the application of those rules to the concrete facts of a given case. Here as elsewhere the court lays down the rules. But the application of those rules to particular facts should be, and in fact usually is, committed to the jury on the duty issue as upon any other.

"The duty issue frequently poses questions of the kind usually given to the jury. Under the prevailing rule duty to use due care is bounded by the foreseeable range of danger. Reasonable foreseeability of harm is the very prototype of the question a jury must pass upon in particularizing the standard of conduct in the case before it. It is no harder and not very different to fix upon the foreseeable range of that harm, or to determine whether a given hazard was foreseeably great enough to make particular conduct negligent. If the case is very clear, of course, a jury verdict may be directed here as upon any other question (as was true in Mrs. Palsgraf's case). But here as elsewhere, 'In doubtful situations a jury must say where the line is to be drawn.' [Quoting from Cardozo, J., in *Bird* v. *St. Paul F. & M. Ins. Co.* (1918), 224 NY 47, 54 (120 NE 86, 88)]." Harper and James, Torts, § 18.8, pp 1058, 1059.

Prosser puts the matter this way:

"The determination of any question of duty—that is, whether the defendant stands in such a relation to the plaintiff that the law will impose upon him any obligation of reasonable conduct for the benefit of the plaintiff [is for the court]. This issue is one of law, and is never for the jury. * * *

"In any case where there might be reasonable difference of opinion as to the foreseeability of a particular risk, the reasonableness of the defendant's conduct with respect to it, or the normal character of an intervening cause, the question is for the jury, subject of course to suitable instructions from the court as to the legal conclusion to be drawn as the issue is determined either way." Prosser, Torts (3d ed), § 52, pp 329, 330.

cuit judge himself determined that "the defendant was not put on notice that there were any children there at all" and, consequently, he concluded that defendant owed no duty to the children for breach of which he could be held liable in this case of Bonin to the plaintiff.

Had the circuit judge defined for the jury defendant's legal duty of due care, dependent upon the jury's finding on the fact issue of defendant's knowledge of the foreseeable risk of harm to others, there was sufficient evidence in this record to require submission to the jury of the additional fact issue of defendant's breach of such duty.

Defendant's view of the area behind his car was narrowly limited, yet he proceeded to back the car out of the garage without sounding his horn or giving other, oral, for example, warning of his intended action. Furthermore, the garage was a two-car garage and the defendant's car was in the stall farthest from the house. The stall nearest the house was empty and its overhead door was closed. Had defendant opened that door, his view from his seat in the car of the area from the house to the garage would have been enlarged substantially. The jury would have been entitled to find, although certainly not required to do so, that due care required defendant to take any or all of such cautionary measures before backing his car out of the garage and that his failure to do so constituted actionable negligence.

Reversed and remanded for new trial. Costs to plaintiff.

T. M. KAVANAGH, C. J., and DETHMERS and ADAMS, JJ. concurred with SOURIS, J.

BLACK, J., concurred in result.

KELLY, J. (*dissenting*). The facts are not in dispute but this factual issue has resulted in a 3-2[1] division as to whether plaintiff has presented a case for jury determination. I join the three who have stated that plaintiff has not, and dissent to my Brother's reversal of the trial judge.

Presque Isle county circuit judge, Hon. Philip J. Glennie, concluding that "we have a situation here where the defendant was not put on notice that there were any children there at all," and that there was no evidence proving "unreasonable conduct on the part of the defendant that caused the injury," summarized the evidence as follows:

"We have here a case that arose from an incident on November 8, 1960. It occurred on a farm, at the end of the road. A sort of isolated place, I presume. It does not appear from the testimony here that there was anyone present other than the children that belong to this family. So, on the morning in question they had breakfast, all the family together, and as I understand it, the defendant in the case ate a little later than the rest of the family. They decided,—it being election day,— that they would exercise their constitutional right to vote, and as I say, they decided to go and vote. It was a cold morning, and so the defendant went out to his garage and he warmed up his car, because he was taking his daughter, Mrs. Bonin, and the two small children. The other children had gone to school.

"He came back into the kitchen, and he announced he was ready to go. So the mother took these two children up to her room with her where she was dressing, and dressed them. Her father, the defendant here, went out to his car and got in the car and made observation to his rear and to his side.

---

[1] Three (Judge Glennie, trial judge, Judges QUINN and FITZGERALD, Court of Appeals); two (Judge T. G. KAVANAGH, Court of Appeals, Justice SOURIS, Supreme Court).—REPORTER.

You will remember his testimony. I am stating that is the way it occurred. And then he started to back up.

"Now, there were no other children in the area. No children in the yard when he went outside. The two small children had gone upstairs with their mother. No children around at all.

"He went directly to his car and got in and started to back out; and there was an accident. This little girl was under the car, and the car only backed out three, at the most, four feet."

Court of Appeals Judge Timothy C. Quinn concludes (1 Mich App 362, 364): "There was no evidence of negligence nor evidence from which negligence could be inferred," because the evidence discloses that (pp 363, 364):

"After breakfast on November 8, 1960, defendant and Julie's mother were going to vote; Kenneth and Julie were going with them. Preparatory to the trip, defendant went to the garage to start the car so it would warm up. The garage was about 50 feet from the house. The children remained in the house with their mother during this time. After starting the car, defendant returned to the house; Julie, Kenneth and the mother were still in the kitchen. Defendant told them to hurry up and get dressed and the mother and two children went upstairs to dress; the children had to put on their outdoor clothes. Defendant left the house as the mother and children went upstairs. He went directly to the garage, entered the car, looked in the rear-view mirror and started to back up without blowing the horn. He felt a little bump, heard Kenneth holler and stopped. He had traveled 3 feet. Julie was head first under the left rear of the car. After Mrs. Bonin had dressed the children for outdoors, she told them to wait downstairs for her. * * *

"Defendant did not know the children were behind him when he started to back, and on this record,

there is no reason to hold he should have known they were behind him. When last seen by defendant, these children, 2 and 4 years of age, were with their mother on their way upstairs to finish dressing for the trip to the polls."

Chief Judge Pro Tem JOHN W. FITZGERALD concurred with Judge QUINN.

Judge T. G. KAVANAGH, in a brief 4-paragraph opinion holding the trial court erred in directing a verdict, does not comment on the evidence but confines his dissent to calling attention to authorities[2] sustaining the principle that, "Negligence may be inferred from undisputed evidence that the driver gave no warning before backing up," and authorities[3] sustaining that, "Whether it *should* be inferred from this evidence is for the jury to determine."

In his opinion reversing the trial judge, my Brother does not dispute the evidentiary facts set forth in the opinions of Judges Glennie and QUINN, but adds the following:

(1) "He [defendant] also testified that it usually took him only one minute or, if he walked slowly, two minutes, to walk the 50 feet from the house to the garage and that, on the day of the accident, he started backing the car as soon as he entered it and had looked in the rearview and sideview mirrors, the car's engine having been started and the garage door behind the car having been opened earlier in the morning." And

(2) "Defendant's view of the area behind his car was narrowly limited, yet he proceeded to back the

[2] *Hopkins* v. *Lake* (1957), 348 Mich 382; *Lovel* v. *Squirt Bottling Co. of Waconia* (1951), 234 Minn 333 (48 NW2d 525); 2 Blashfield, Cyclopedia of Automobile Law and Practice, § 1101 *et seq.*

[3] *Carver* v. *Detroit & Saline Plank Road Co.* (1886), 61 Mich 584; *Kaminski* v. *Grand Trunk W. R. Co.* (1956), 347 Mich 417; *Kinsler* v. *Simpson* (1932), 257 Mich 7; *McCullough* v. *Ward Trucking Company* (1962), 368 Mich 108.

car out of the garage without sounding his horn or giving other, oral, for example, warning of his intended action. Furthermore, the garage was a two-car garage and the defendant's car was in the stall farthest from the house. The stall nearest the house was empty and its overhead door was closed. Had defendant opened that door, his view from his seat in the car of the area from the house to the garage would have been enlarged substantially. The jury would have been entitled to find, although certainly not required to do so, that due care required defendant to take any or all of such cautionary measures before backing his car out of the garage and that his failure to do so constituted actionable negligence."

Two Michigan cases involving an injury to an infant by defendant driver of a motor vehicle are cited by Justice SOURIS, Appellate Judge T. G. KAVANAGH, and appellant, namely: *Hopkins* v. *Lake*, 348 Mich 382, and *Kinsler* v. *Simpson*, 257 Mich 7.

In the *Hopkins* v. *Lake* case the majority opinion reversed the trial court's order granting defendant's motion for a directed verdict at the conclusion of proofs because defendant did not meet the standard of care of a prudent person under the circumstances. The difference in this case and our present appeal is disclosed by the following from the majority opinion (p 395):

"Every experienced driver of heavy trucking equipment is or should be aware of imminent danger when he undertakes to back—blindly so far as most of the area of danger is concerned—into or across private property *with little children known to be in the vicinity of his intended path.*" (Emphasis ours.)

The inapplicability of the *Kinsler* v. *Simpson* case is disclosed by syllabus 1, which reads:

"Finding of trial court that automobile driver, causing death of 17-month old girl, was negligent, was justified, where evidence showed that, although he knew there were many children in neighborhood, he backed his car across sidewalk without giving any warning or ascertaining whether any pedestrians might be injured thereby."

Appellate Judge T. G. KAVANAGH cites *Lovel* v. *Squirt Bottling Company of Waconia* (1951), 234 Minn 333 (48 NW2d 525). In this case defendant driver claims he had not seen the injured child anywhere prior to the accident. The parents of the child testified that defendant driver admitted to them that he had seen the child playing about his truck prior to the accident. It was a jury question as to who was telling the truth, and the fact that this case is clearly distinguishable from our present appeal is disclosed by the following excerpt from the court's opinion (p 340):

"The cases of *O'Neil* v. *Cochrane,* 184 Minn 354 (238 NW 632), and *Williams* v. *Cohn,* 201 Iowa 1121 (206 NW 823), relied upon by defendants and forming the basis of the trial court's action in directing a verdict in favor of defendants, are not controlling. In each of the cited cases, the court noted that the truck driver had not seen the injured child in the vicinity prior to the accident, and hence was not under obligation to exercise a higher degree of care commensurate with such knowledge. In each case, the evidence disclosed that the driver had discharged his applicable duty of exercising ordinary care. In the present case, as indicated above, if the jury determined that Aldridge knew of the presence of Janis near his truck shortly prior to the accident, it might well determine that he had failed to discharge the increased obligations of care imposed upon him as a result of such knowledge."

There was nothing that would alert a reasonable prudent man to dangers ahead, calling for precautions to meet unforeseeable hazards. While one described by Justice Cooley as "a man of exceeding cautious temperament"[4] might blow his horn and open both garage doors, yet an ordinarily prudent man, under conditions existing at defendant's farm, would not deem such actions necessary as precautionary measures.

The record proves beyond all question or doubt (1) that when defendant left the house, as his daughter and her two children ascended the stairs to get dressed, both defendant and his daughter believed that the next time they would see each other, or the children, would be when she brought the children out to the car, after he had backed the car out of the garage; (2) that there was no one outside of the house on that farm within range of sight or sound as defendant walked to his car; (3) that defendant's eyesight was good and the car was in good condition to drive; (4) that defendant looked in both the side- and rear-view mirrors before placing the car in reverse; (5) that defendant slowly backed up and brought his car to a stop within 3 or 4 feet.

Plaintiff's case is based on the claim that: "Defendant in this case could reasonably expect this two-year-old plaintiff to be in the vicinity of his automobile." Defendant answers this claim by stating:

"We know defendant did not see the child before she was hit. What evidence was presented that indicated he would have seen the child before backing up? None, and the record is clear that the children were in the house when defendant left for the garage. The record is clear that the defendant saw no children in the yard. The record is clear

---

[4] 3 Cooley on Torts (4th ed), § 481, p 389.

that the defendant looked in his mirror and saw nothing before backing out. As to the failure of opening the other garage door, this was not pleaded as an item of negligence nor was any proof as to what could or could not have been seen if the door was opened. The sum total of the plaintiff's claim is that the defendant just should not have backed out of his garage. The only way the defendant could have avoided this accident and still back out of his garage would have been to have stationed a lookout outside the garage to watch while he backed out. His failure to do so was not pleaded. It is also a rather high degree of care to place on a person. It would be awfully hard to ever back a car out of a garage if this was the standard."

There is absolutely no evidence to sustain plaintiff's claim. There is no evidence that the children were unruly, unmanageable, or in any way difficult for a mother to control. There is no evidence or claim that the defendant's daughter was incompetent to take care of her children. There is nothing to show why the defendant did not have the right, as a reasonably prudent person, to believe that the children were safely in the house with their mother when he backed out of the garage.

The trial court, in refusing to delay a ruling under the Empson act,[5] as requested by plaintiff, in passing upon defendant's motion for directed verdict, stated: "I am convinced, no matter how difficult it may seem, courts have a duty to perform."

This Court has repeatedly protected the plaintiff against a trial judge improperly keeping a case from a jury, but, also, we have made clear from the decision in the 1887 case of *Mynning* v. *Detroit, Lansing & Northern Railroad Company,* 64 Mich 93, that:

---

[5] CL 1948, § 691.691 *et seq.* (Stat Ann and Stat Ann 1959 Cum Supp § 27.1461 *et seq.*). Currently, see GCR 1963, 515.—REPORTER.

"It is the duty of the trial judge on request, before submitting the case to the jury, to decide, as a preliminary question of law, whether there is *any* evidence on which the jury could properly find a verdict for the party on whom the burden of proof lies; and, if there is not, he ought to withdraw the case from the jury. *Carver* v. *Detroit & Saline Plank Road Co.,* 61 Mich 584." Headnote 2.

In the case of *In re Estate of Miller,* 300 Mich 703, this Court considered a directed verdict by the trial court where it was plaintiff's contention that defendant driver of the automobile negligently injured a child in backing his automobile without sounding the horn and without making reasonable observation.

In affirming the trial court, we said (pp 710, 711):

"The rules to be applied in this class of cases are well stated in *Poundstone* v. *Niles Creamery,* 293 Mich 455, 459, where we said:

" 'In reviewing the case, we consider the testimony in the light most favorable to plaintiff, the party against whom it is claimed the judgment should not have been entered. *Pomeroy* v. *Dykema,* 256 Mich 100; *Warwick* v. *Blackney,* 272 Mich 231. Proof of an accident and resulting injury is not alone sufficient to establish defendant's responsibility, but the fact that an accident happened may be considered along with proof of the other circumstances to determine whether negligence existed. *Manley* v. *Potts,* 286 Mich 671, and cases there cited. See, also, *Elsey* v. *J. L. Hudson Co.,* 189 Mich 135 (LRA 1916B, 1284). Negligence may be proved by circumstantial evidence. *Wilkins* v. *Bradford,* 247 Mich 157. There must be substantial evidence which forms a reasonable basis for the inference of negligence. *Frye* v. *City of Detroit,* 256 Mich 466. There must be more than a mere possibility that unreasonable conduct of the defendant caused the injury. We cannot permit the jury to guess, although legiti-

mate inferences may be drawn from established facts. *Heppenstall Steel Co.* v. *Wabash R. Co.*, 242 Mich 464.'

"In the case at bar, there is proof of an accident, but there is a lack of proof that Miller saw any of the three children. Nor were there circumstances that should have warned him of children playing near the car.

"In *Michigan Aero Club* v. *Shelley*, 283 Mich 401, 1938 US AVR 134, 1 AV 750, we said:

" 'Presumptions are frequently misapplied. They are merely *prima facie* precepts.  *  *  *  They are inferences from the existence or nonexistence of facts.  *  *  *  They disappear if, and when, evidence is introduced from which facts may be found, *  *  *  and cannot be weighed against evidence. *  *  *  Negligence is not presumed but must be proved.  *  *  *  The mere happening of an accident raises no presumption of negligence.  *  *  *

" 'If plaintiff, due to lack of proof, does not make out his case, the court should so hold.  *  *  *  A mere claim cannot stand in the place of evidence and operate as proof.  *  *  *  Things not made to appear must be taken as not existing.  *  *  *  Plaintiff's case must be established by the evidence. The court may not guess in default of evidence.' "

Because "we cannot permit the jury to guess;" because "there must be more than a mere possibility that unreasonable conduct of the defendant caused the injury;" because there is no "substantial evidence which forms a reasonable basis for the inference of negligence," we agree with the Court of Appeals' finding that: "There was no evidence of negligence nor evidence from which negligence could be inferred. The trial court should be affirmed, with costs to appellee."

O'HARA, J., concurred with KELLY, J.

SMITH, J., concurred in result with KELLY, J.