## MEYERS v GARLOCK

Docket No. 57130. Submitted April 19, 1982, at Lansing.—Decided November 4, 1982.

Shirley A. Meyers, as the quardian, and Gary A. Kalczynski, as the next friend, of Brian Kalczynski, Darwin Kalczynski, and Steven Kalczynski brought actions against George Robb and his wife and against Donald Garlock, Lester Johnson, and Genesee Merchants Bank and Trust Company seeking damages for injuries sustained by the minors when a 55-gallon fuel drum exploded. Marilyn Kalczynski brought separate actions as next friend of Michael David Roy against the same defendants for damages for injuries sustained in the same explosion. The drum at issue was sold by defendant Garlock at an auction at which defendant Johnson was hired to serve as auctioneer and the defendant bank was hired to serve as clerk and cashier. The drum was purchased by defendant George Robb who removed it to his farm. The explosion occurred two years after the sale while the minor plaintiffs were playing with a cigarette lighter near the drum. Summary judgment of no liability was granted to defendants Johnson and Genesee Bank by the Livingston Circuit Court, Paul R. Mahinske, J. Plaintiffs appealed to the Court of Appeals which consolidated the appeals and affirmed. 82 Mich App 549 (1978). Plaintiffs settled with the Robbs, leaving Garlock as the sole remaining defendant. Garlock moved for and was granted a summary judgment in the Livingston Circuit Court, Paul R. Mahinske, J. Plaintiffs appeal from that summary judgment. *Held:*

Garlock did not put an inherently dangerous instrumentality into the channels of commerce and he did not owe a duty to the plaintiffs to scour and purify the drums prior to the sale to the Robbs. Therefore, the summary judgment was proper.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Negligence §§ 34, 381.

[2] 57 Am Jur 2d, Negligence §§ 75, 76.

[3] 57 Am Jur 2d, Negligence §§ 120-122.

1. NEGLIGENCE — DUTY.

Duty in a negligence action may be defined as an obligation to conform to a particular standard of conduct toward another to which the law will give effect and recognition; essential to the determination of a duty is consideration of the reasonableness of the risk created by the defendant's conduct, and in that sense it is a policy question indistinguishable from the question of proximate cause.

2. NEGLIGENCE — RISK OF HARM — JURY — UTILITY OF CONDUCT.

The reasonableness of the risk of harm in a negligence action whether analyzed in terms of duty, proximate cause, or specific standard of care turns on how the utility of the defendant's conduct is viewed in relation to the magnitude of the risk thereby created; in any case where there might be a reasonable difference of opinion regarding how that balance should be resolved, the question is for the jury, subject to instructions as to the legal conclusion to be drawn from its determination; however, a court may decide that the utility of the defendant's conduct so overrides the degree of risk thereby created that the jury will not be permitted to impose liability upon the defendant for the resultant harm.

3. NEGLIGENCE — AUCTION SALES — DUTY TO INSPECT.

The risk to the public created by a farmer's failure to inspect the items to be sold by him at a farm auction conducted by an auctioneer is a reasonable risk for which an action in negligence may not be maintained.

*Church, Wyble, Kritselis, Anderson & Robinson, P.C.* (by *Thomas H. Hay*), for plaintiffs.

*Reid, Reid & Mackay, P.C.* (by *William L. Mackay*), for defendant.

Before: M. J. KELLY, P.J., and CYNAR and G. R. COOK,* JJ.

PER CURIAM. This case makes its second appearance in this Court. See *Meyers v Robb,* 82 Mich App 549; 267 NW2d 450 (1978). The operative facts are set out in that opinion and need not be re-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

peated here. In that case, we affirmed a summary judgment in favor of the auctioneer (Johnson) and the clerk (Genesee Merchants Bank & Trust Company). Plaintiffs apparently settled with the Robbs, leaving Garlock the sole remaining defendant. The trial court granted summary judgment for Garlock and plaintiffs appeal as of right.

Defendant Garlock sold drums or barrels to the Robbs in 1970. He had purchased the drums in 1946 or 1947. He used them until 1957 or 1958, drained them, and they were sold at the 1970 auction. An explosion involving the drums occurred on July 31, 1972, some 28 months after the sale.

In the earlier case, we held:

"In negligence cases a duty may be defined as an obligation to which the law will give effect and recognition to conform to a particular standard of conduct toward another. *Farwell v Keaton,* 396 Mich 281; 240 NW2d 217 (1976). Essential to the determination of the existence of a duty is consideration of the reasonableness of the risk created by the defendant's conduct. In that sense, duty is a policy question indistinguishable from the question of proximate cause. *Moning v Alfono,* 400 Mich 425; 254 NW2d 759 (1977), see, Prosser, Torts (4th ed), § 37, pp 206-207.

"The reasonableness of the risk of harm whether analyzed in terms of duty, proximate cause or specific standard of care turns on how the utility of the defendant's conduct is viewed in relation to the magnitude of the risk thereby created. *Moning v Alfono, supra.* In any case where there might be a reasonable difference of opinion regarding how that balance should be resolved, the question is for the jury, subject to instructions as to the legal conclusion to be drawn from its determination. *Moning v Alfono, supra; Bonin v Gralewicz,* 378 Mich 521; 146 NW2d 647 (1966).

"However, a court may decide that the utility of the defendant's conduct so overrides the degree of risk

thereby created that juries will not be permitted to impose liability upon the defendant for the resultant harm. *Moning v Alfono, supra, cf. Holloway v Martin Oil Service, Inc,* 79 Mich App 475; 262 NW2d 858 (1977)." *Meyers, supra,* pp 553-554. (Footnote omitted.)

What we have here is one farmer selling some drums to a neighboring farmer. There is no putting of an inherently dangerous instrumentality into the channels of commerce and Garlock owed no duty to plaintiffs to scour and purify the drums prior to the sale to the Robbs.

What we said in the 1978 case as to Johnson and the bank applies equally well to Garlock.

The summary judgment in favor of Garlock is affirmed. Costs to appellee.